1MAX N. TOBIAS, JR, Judge.
On 25 November 1997, plaintiff/appellee, First National Bank of Commerce (“FNBC”), filed suit against defendant/appellant, Earl M.J. Boydell, Jr. (“Boydell”), for sums allegedly owed on a MasterCard account. The petition was amended in response to the trial court’s granting of an exception of vagueness. Service of pro *1116 cess had been erroneously made on Earl Boydell, Sr., father of Boydell, and the trial court granted Boydell’s exception of insufficiency of process. Thereafter, a special deputy was appointed and the record reflects that Boydell was personally served by the special deputy on 28 August 2001. Boydell did not file an answer, but filed a motion to dismiss because of abandonment. There is no evidence in the record on appeal that the motion to dismiss was ever ruled upon of by the court.
On 9 January 2003, a default judgment was rendered in favor of FNBC for the full amount due on the MasterCard account, plus interest, costs, and attorneys’ fees. A notice of signing of judgment appears of record and indicates that a copy of the judgment was mailed to Boydell on 9 January 2003.
| ¡.Boydell mailed to the clerk of court a motion to vacate and/or motion for new trial on 10 January 2003 as documented by his cover letter of that date, a copy of which is attached as “Appendix A.” The clerk filed the motion on 15 January 2003.[1] The court did not, however, render a judgment on Boydell’s motion to vacate and/or for new trial.
This court issued a show cause order to the parties on 3 September 2003 requesting an explanation as to whether or not the appeal should be dismissed as untimely pursuant to La. C.C.P. art. 5002. Boydell responded asserting that he did not receive a copy of the 9 January 2003 judgment until 17 January 2003. He further claims that he contacted the clerk of court on that day about the delay. He states that the clerk advised him that his motion for new trial was untimely under La. C.C.P. art. 4907. He further asserts that he mailed his motion for appeal to the clerk on 24 January 2003.
Boydell’s motion for appeal of the 9 January 2003 judgment was filed on 27 January 2003.
On the merits, Boydell’s assignments of error assert that the judgment was rendered without proper service of process, and that the judgment was rendered in spite of the fact that the case had been abandoned. Boydell’s original brief does not address the issue of the untimely motions for new trial and appeal. FNBC’s brief does, however, assert this court’s lack of jurisdiction to hear the matter due to the untimely filing of the appeal.
|3A review of the record reveals that both the motion to vacate and/or for new trial and the motion for appeal were untimely. La. C.C.P. articles 4907 and 5002 govern new trial delays and appeal delays from city courts and parish courts.
La. C.C.P. art. 4907 provides:
A. After judgment is signed in the parish or city court, a party may make a written request or a motion for new trial for any of the grounds provided by Articles 1972 and 1973.
B. The delay for applying for a new trial shall be three days exclusive of holidays. Where notice of judgment is required, this delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment.
A notice of signing of a final judgment is required pursuant to La. C.C.P. arts. 4905 and 1913. In the present case, the notice of signing of judgment is dated 9 January 2003. Under the provisions of article 4907, the three-day delay period for requesting a new trial commenced on Friday, 10 Janu *1117 ary 2003. Boydell’s motion to vacate and/or for new trial was mailed by him to the clerk on 10 January 2003, as documented by his cover letter (Appendix A), and was not filed by the clerk until 15 January 2003. It is clearly untimely. Cf., Jackson v. Julien, 2001-1024 (La.App. 4 Cir. 9/25/02), 828 So.2d 1147.
An untimely motion for a new trial does not stop the appellate delays from running. Jones v. Dillard Department Stores, Inc., 93-205 (La.App. 5 Cir. 8/26/03), 624 So.2d 4. The appeal delays are set forth in La. C.C.P. art. 5002, as follows:
A. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of [4the order denying a new trial, when such notice is necessary.
Our courts have noted that the wording of article 5002 differs from article 4907 regarding the commencement of the delay period. Myles v. Turner, 612 So.2d 32 (La.1993). The delay for an appeal pursuant to article 5002 commences from the day the notice is received, whereas the delay for a new trial pursuant to article 4907 commences from the day the notice is mailed. Id.
Given the fact that Boydell’s motion for new trial was untimely, the 10-day delay for the appeal commenced on the date of receipt of the notice of signing of the original judgment. The notice of signing of judgment was issued on 9 January 2003. The date that Boydell received the notice does not appear in the record. However, Boydell’s 10 January 2003 cover letter (Appendix A), that accompanied the filing of the motion for new trial, clearly and affirmatively indicates that he would have received notice by that date.[2] The motion for appeal was filed on 27 January 2003; it is untimely because Boydell’s 10 January 2003 cover letter clearly preponderates to establish that he received and had actual knowledge of the 9 January 2003 judgment on 10 January 2003, otherwise why would he have sought a new trial.
For the foregoing reasons, this appeal is dismissed.[3]

APPEAL DISMISSED.

CANNIZZARO, J., dissents with reasons.

. Boydell could have filed his motions by facsimile transmittal and within five days thereafter filed the original with the clerk. La. R.S. 13:850. However, the record does not reflect and he does not assert that he did so.

. Pursuant to La. C.E. art. 201, we take judicial notice that Boydell is a lawyer.

. Although we dismiss Boydell’s appeal, we note that Boydell might have a remedy. See La. C.C.P. art.2001 etseq.