WHIPPLE, J.
[2This is an appeal by plaintiff from a judgment of the trial court which maintained defendants’ exceptions of prescription and dismissed plaintiffs claims with prejudice. For the following reasons, we dismiss the appeal as untimely.
PROCEDURAL HISTORY
On April 23, 2009, plaintiff, Rosetta Nelson, filed suit against Teachers’ Retirement System of Louisiana (“the TRSL”) and the Pointe Coupee Parish School Board (“the PCPSB”), contending that defendants were indebted to her for certain retirement benefits, which she had allegedly been denied since her retirement in 1996. She alleged that she had been a teacher employed by the Pointe Coupee Parish School System from August 24, 1972 until March 23, 1979, and that she was then employed at the Louisiana Technical College and, thus, was a member of the TRSL from March 26, 1979 until her retirement on June 30,1996.
Plaintiff further alleged that she had been involved in “an ongoing dispute” with both agencies regarding the appropriate credit that should have been applied for her years of service with the PCPSB and as a member of the TRSL, and that she was given only 23.77 years of credit when she should have been given credit for 24 years of service. In her petition, plaintiff averred that amicable demand was made on numerous occasions to both defendants, but the appropriate credit had not been issued. Thus, plaintiff sought judgment in her favor for all retirement benefits to which she was allegedly entitled for her entire employment from the TRSL and the PCPSB.
Thereafter, the TRSL and the PCPSB each filed peremptory exceptions raising the objection of prescription, contending that a claim for additional compensation in retirement benefits is governed by the three-year | Sprescriptive period set forth in LSA-C.C. art. 3494. Following a December 14, 2009 hearing on the exceptions, the trial court signed a judgment dated January 4, 2010, maintaining the exceptions of prescription and dismissing plaintiffs suit with prejudice. Notice of judgment was mailed to the parties on the same day the judgment was signed, ie., January 4, 2010.
Subsequently, on January 14, 2010, plaintiff filed a motion for new trial.[1] In opposition to the motion for new trial, both the PCPSB and TRSL argued, among other things, that the motion for new trial was untimely, in that it was filed eight days, excluding legal holidays, after the mailing of notice of judgment. A hearing on the motion was held on April 19, 2010, and at the hearing, the trial court ruled that the *589 issues raised by plaintiff in support of her motion did not form a basis for the grant of a new trial. Accordingly, by judgment dated April 28, 2010, the trial court denied plaintiffs motion for new trial.
Then, on May 18, 2010, plaintiff filed a motion for appeal, and on May 24, 2010, plaintiff filed an amended motion for appeal, with the only apparent difference being that a different address for plaintiff, together with two phone numbers, was hand-written on the amended motion.[2] On June 4, 2010, the trial court signed an order, granting plaintiffs appeal.
LOn August 10, 2010, this court ordered the parties to show cause by briefs as to whether plaintiffs appeal should or should not be dismissed, in that the record appeared to indicate that the motion for new trial and, thereafter, the motion for appeal were filed untimely. All parties responded to this court’s order by filing briefs, and, thereafter, by order dated September 27, 2010, this court’s rule to show cause was referred to the panel to which the appeal was assigned. Accordingly, we first address the issue of whether plaintiffs appeal should or- should not be dismissed as untimely.
DISCUSSION
With regard to the timeliness of plaintiffs motion for new trial and, consequently, of her motion for appeal, LSA-C.C.P. arts. 1974, 2087, and 2123 govern the pertinent statutory delays. Louisiana Code of Civil Procedure article 1974 provides that the delay for applying for a -new trial shall be seven days, exclusive of legal holidays, with the delay commencing to run on the day after the clerk has mailed the notice of judgment required by LSA-C.C.P. art. 1913.[3] Howard v. Hercules-Gallion Co., 417 So.2d 508, 5Q9 (La.App. 1st Cir.1982). Once the seven-day period for filing a motion for new trial has passed, and no motion for new trial is filed or said motion is untimely filed, the judgment be *590 comes final, and appellate delays begin to | srun.[4] LSA-C.C.P. art. 2087(A)(1) & LSA-C.C.P. art. 2123(A)(1); Horton v. Mayeaux, 2005-1704 (La.5/30/06), 931 So.2d 338, 342; Bellco Electric, Inc. v. Miller, 08-785 (La.App. 5th Cir.3/24/09), 10 So.3d 797, 799, writ denied, 2009-0863 (La.5/29/09), 9 So.3d 170.
Moreover, the untimely filing of a motion for new trial does not interrupt the delay for timely taking an appeal even if the trial court does not recognize the motion as untimely. See Succession of Blythe, 466 So.2d 500, 501 (La.App. 5th Cir.), writ denied, 469 So.2d 985 (La.1985). The actions of the trial court cannot circumvent the clear deadlines established by law.
In this case, the trial court’s judgment maintaining the exceptions of prescription and dismissing with prejudice plaintiffs case was signed on January 4, 2010, and notice of judgment was mailed to the parties on that same date. Thus, the seven-day time frame within which to file a motion for new trial commenced on January 5, 2010, and expired on January 13, 2010. Accordingly, plaintiffs motion for new trial, which was filed on January 14, 2010, was untimely, had no legal effect, and did not suspend the appeal delays. See Howard, 417 So.2d at 510; Bellco Electric, Inc., 10 So.3d at 799.
Rather, because no motion for new trial was filed before the expiration of the seven-day period for filing said motion, the trial court’s January 4, 2010 judgment became final, and the appeal delays began to run. See Horton, 931 So.2d at 342. Thus, the sixty-day delay for taking a devolutive appeal commenced to run on January 14, 2010, and expired on |riMarch 15, 2010. See Howard, 417 So.2d at 510. Plaintiffs motions for appeal, filed on May 18, 2010 and May 24, 2010, were likewise untimely. Although we recognize that appeals generally are favored by law, because plaintiff failed to appeal within the delays allowed by law, this court is without jurisdiction to hear this appeal. LSA-C.C.P. art. 2087; Howard, 417 So.2d at 510. Accordingly, without reaching the merits of plaintiffs appeal, we are constrained to dismiss the appeal as untimely.
CONCLUSION
For the above and foregoing reasons, plaintiffs appeal is dismissed at plaintiffs costs.
APPEAL DISMISSED.

. On the same date that she filed her motion for new trial, plaintiff filed a motion to remove her counsel of record. That motion was granted by the trial court on January 20, 2010.

. In both motions for appeal, plaintiff apparently sought to appeal from the January 4, 2010 judgment as well as the judgment denying her motion for new trial, but the "January 4, 2010” judgment date on the motions is scratched through. It is not apparent from the record who scratched through these dates.
To the extent that the trial court may have attempted to limit plaintiff’s appeal to an appeal of its April 28, 2010 judgment denying plaintiff's motion for new trial, we note that the denial of a motion for new trial is an interlocutory judgment, which is not independently appealable in the absence of an appeal of the underlying judgment on the merits. See LSA-C.C.P. art. 2083 and Moran v. G & G Construction, 2003-2447 (La.App. 1st Cir. 10/29/04), 897 So.2d 75, 83 n. 4, writ denied, 2004-2901 (La.2/25/05), 894 So.2d 1148. Thus, without addressing the legal effect, if any, of the trial court's ruling on a motion for new trial that we determine herein was without legal effect, we note that the judgment denying that motion would not be appealable absent an appeal of the January 4, 2010 judgment maintaining the exceptions of prescription and dismissing plaintiff's suit.
Notably, however, an appeal of a denial of a motion for new trial will be considered as an appeal of the judgment on the merits, when it is clear from the appellant's brief that the appeal was intended to be on the merits. Carpenter v. Hannan, 2001-0467 (La.App. 1st Cir.3/28/02), 818 So.2d 226, 228-229, writ denied, 2002-1707 (La. 10/25/02), 827 So.2d 1153. In her appellate brief, plaintiff challenges only the trial court’s January 4, 2010 judgment maintaining the exceptions of prescription. Thus, it is clear that plaintiff truly intended to appeal the January 4, 2010 judgment that dismissed her suit,.and we consider her appeal as an appeal of that judgment.

. Article 1913(A) provides that "[ejxcept as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.”

. If, on the other hand, a motion for new trial is timely filed, the appeal delays do not begin to run until the date of mailing of notice of the denial of the motion for new trial. LSA-C.C.P. art. 2087(A)(2) & LSA-C.C.P. art. 2123(A)(2); Horton v. Mayeaux, 2005-1704 (La.5/30/06), 931 So.2d 338, 342