THERIOT, J.
This appeal is taken from a judgment signed October 10, 2012, in favor of plaintiff, Vivian L. Smith, and against defendant, Clarence T. Nails, Jr.[1] Notice of judgment was mailed to both Mr. Nails and his attorney of record, Otha Nelson, on October 12, 2012. Mr. Nails filed a motion for new trial on November 15, 2012. After a hearing, the motion for new trial was denied on August 22, 2013. On September 19, 2013, Mr. Nails filed a motion and order for suspensive appeal from the August 22, 2013 judgment denying his motion for new trial. He filed his surety bond on October 21, 2013.
This court, ex proprio motu, issued a rule on June 5, 2014, ordering the parties to show cause as to whether the appeal should be dismissed as untimely. The rule to show cause states that both the November 15, 2012 motion for new trial and the September 19, 2013 motion and order for appeal appear to be untimely.
Mr. Nails filed an untimely response to the rule to show cause. He claimed that his motion for new trial was timely and therefore suspended the appeal delays. Mr. Nails first argued that he “believes” he actually filed two motions for new trial, the first of which was prepared in July 2012 (after the issuance of the court’s reasons for judgment, but before the judgment was ever signed). However, regardless of when the motion was prepared, the record does not reflect that he ever actual *386 ly filed that motion for new trial. Mr. Nails also argues that his November 15, 2012 motion for new trial was timely because the notice of judgment was not actually mailed on October 12, 2012, as the certification contained in the record states, but rather “on or about November 8, 2012.” Again, there is no evidence to support this 13assertion, and appellant is “unable to locate the envelope” that contained the October 10, 2012 judgment.
The statutory delays for motions for new trial or for appeal are governed by La. C.C.P. arts. 1974, 2087, and 2123. Louisiana Code of Civil Procedure article 1974 provides that the delay for applying for a new trial “shall be seven days, exclusive of legal holidays,” and commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Louisiana Code of Civil Procedure article 1913.[2] A certification in compliance with La. C.C.P. art. 1913 was filed in the record showing that the notice of judgment was mailed to the parties and the attorneys of record on October 12, 2012. Once the seven-day period for filing a motion for new trial has passed, and no motion for new trial is filed or said motion is untimely filed, the judgment becomes final, and appellate delays begin to run. Nelson v. Teachers’ Retirement System of Louisiana, 10-1190, pp. 4-5 (La.App. 1 Cir. 2/11/11), 57 So.3d 587, 589-90.
Although the trial court in this case conducted a hearing and considered the motion for new trial before denying it, the untimely filing of a motion for new trial does not interrupt the delay for timely taking an appeal, even if the trial court does not recognize the motion for new trial as untimely. The actions of the trial court cannot circumvent the clear deadlines established by law. Nelson, 10-1190 at p. 5, 57 So.3d at 590. Thus, the October 10, 2012 judgment became final and appeal delays began to run at the expiration of the seven-day period for applying for new trial. Mr. Nails’ appeal, taken almost a year later, was untimely. See La. C.C.P. arts. 2087(A)(1) & 2123(A)(1). Although we recognize that appeals are |4generally favored by law, because Mr. Nails failed to appeal within the delays allowed by law, this court is without jurisdiction to hear this appeal. See Nelson, 10-1190 at p. 5-6, 57 So.3d at 590. Accordingly, without reaching the merits of the appeal, we are constrained to dismiss the appeal as untimely.
CONCLUSION
For the above and foregoing reasons, the appeal is dismissed at appellant’s cost.
APPEAL DISMISSED.

. A bench trial was held on April 18, 2012, and written reasons for judgment were issued on June 21, 2012, but a judgment was not actually signed until October 10, 2012 and filed October 12, 2012.

. Article 1913 provides that notice of the signing of a final judgment shall be mailed by the clerk of court to the counsel of record for each party, and the clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, the notice of the signing of judgment was mailed.