TERRI F. LOVE, Judge.
|! Amber Tennebaum filed the instant appeal from a February 10, 2014 trial court judgment regarding child custody. This Court, sua sponte, ordered Ms. Tennebaum to show cause in writing as to why this appeal should not be dismissed as untimely. “[W]e are required to notice, sua sponte, our lack of jurisdiction.” Vitrano v. Vitrano, 353 So.2d 398, 399 (La.App. 4th Cir.1977).
The notice of judgment was mailed on February 10, 2014. The notice of judgment contained in the record states: “CERT MAIL 2/10/14 VIA SHERIFF.” Ms. Tennebaum filed a motion for new trial on February 24, 2014, which was more than seven days after the mailing of the notice. La. C.C.P. art.1974 provides that “[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.” Therefore, Ms. Tennebaum’s motion for new trial filed on February 24, 2014, was untimely because the time delay began to run on February 11, 2014,[1] and the seven day time period ended on February 19, 2014.
Because Ms. Tennebaum’s motion for new trial was untimely, the reliance 12upon the date of judgment on the motion for new trial, May 6, 2014, for filing a motion for appeal was misplaced. “An untimely motion for a new trial does not stop the appellate delays from running.” First Nat. Bank of Commerce v. Boydell, 03-0613, p. 3 (La.App. 4 Cir. 9/24/03), 857 So.2d 1115, 1117. Ms. Tennebaum had sixty days to file a motion for a devolutive appeal once the time period for filing a motion for new trial expired. See La. C.C.P. art. 2087(A)(1). The June 4, 2014. motion for appeal was nearly two months past the sixty day time delay for filing a devolutive appeal. “Absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal.” Falkins v. Jefferson Parish Sch. Bd., 97-26, p. 2 (La.App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006. Accordingly, Ms. Tennebaum’s appeal is untimely. For the foregoing reasons, the appeal is dismissed.
APPEAL DISMISSED

. However, Ms. Tennebaum contends that the sheriff served the notice on February 13, 2014, which would mean her motion for new trial was timely. The record does not contain a return of service by the sheriff.