Judge Regina Bartholomew-Woods *1265 Appellants, Earlis Williams and Kaonta Minor, appeal the March 29, 2018 judgment of the Orleans Parish Civil District Court denying their "Motion to Reconsider Court's Ruling Granting Defendant's Exception of No Cause of Action." For the reasons that follow, we dismiss the appeal as untimely.
PROCEDURAL BACKGROUND
Appellants filed a Petition for Damages on May 20, 2016. Appellees filed an exception of no cause of action and a hearing on the exception was scheduled for November 3, 2017. Counsel for Appellant did not appear at the scheduled hearing, apparently as a result of misreading the scheduling order. The district court signed a judgment granting the exception on November 3, 2017, and the judgment was mailed on November 7, 2017. On November 27, 2017, Appellants filed a "Motion to Reconsider Court's Ruling Granting Defendant's Exception of No Cause of Action." On March 16, 2018, the district court orally denied the motion in open court. The district court signed the judgment on March 29, 2018. On April 17, 2018, Appellants filed a motion to appeal, which the district court granted on April 24, 2018.
ANALYSIS
Appellant's motion to reconsider is premised upon the existence of "good ground" therefor, language drawn from La.C.C.P. art. 1973, which provides that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." Specifically, Appellants asserted good ground existed for reconsideration because counsel had inadvertently scheduled the wrong date for the hearing on the exception. Counsel therefore failed to file a timely opposition, and failed to appear for the hearing. The district court, therefore, did not address the merits of the exception, according to Appellants,[1] despite their suggestion that a valid cause of action exists. Indeed, counsel for Appellant even suggested in its brief that it knew "amending would be necessary and proper" at the time the Petition for Damages was filed.
As noted herein, the district court mailed notice of signing of judgment on November 7, 2017. Though captioned a "motion to reconsider," Appellants' motion is properly considered a motion for new trial. "The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." La.C.C.P. art. 1974. Since Appellants did not file the "motion to reconsider"
*1266 until well after seven days had elapsed, on November 27, 2017, it is untimely, thereby making the motion for appeal untimely, as well.
This Court addressed the same issue in Tennebaum v. LeCompte , 2015-0008, pp. 1-2 (La.App. 4 Cir. 8/12/15), 173 So.3d 1185. Appellant in that case untimely filed a motion for new trial, and thereafter relied on the date of the judgment on the motion for new trial for purposes of calculating the delay in which to appeal. However, this Court observed that " '[a]n untimely motion for a new trial does not stop the appellate delays from running.' " Id. , 2015-0008, p. 2, 173 So.3d at 1185 (quoting First Nat. Bank of Commerce v. Boydell , 2003-0613, p. 3 (La.App. 4 Cir. 9/24/03), 857 So.2d 1115, 1117 ). As a result, this Court concluded that " '[a]bsent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal.' " Id. (quoting Falkins v. Jefferson Parish Sch. Bd. , 1997-26, p. 2 (La.App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006 ).
The same reasoning must be applied here. Accordingly, we dismiss Appellants' appeal for lack of jurisdiction.
APPEAL DISMISSED
Appellees contested this point at the hearing on the motion, and a review of the November 3, 2017, transcript indicates the district court did briefly address the merits of the exception.