| AMERICAN GLOBAL | * | NO. 2020-CA-0438 |
|---|---|---|
| INSURANCE COMPANY, INC. | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| 4503 PRYTANIA ST, LLC AND | | FOURTH CIRCUIT |
| WENDELL RAY BOYD III | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-09648, DIVISION "M"
Honorable Paulette R. Irons, Judge

\* \* \* \* \* \*

**Judge Roland L. Belsome**

\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge
Paula A. Brown)

Barry H. Grodsky
Donald J. Miester, Jr.
TAGGART MORTON, L.L.C.
1100 Poydras Street
Suite 2100
New Orleans, LA 70163

COUNSEL FOR PLAINTIFF/APPELLEE

Taylor C. Stone
THE LAW OFFICE OF TAYLOR C. STONE, LLC
627 Cherokee Street, Suite 205
New Orleans, LA 70118

COUNSEL FOR DEFENDANT/APPELLANT

**MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED**
**APRIL 14, 2021**

Appellants, 4503 Prytania St, LLC and Wendell Ray Boyd, III, appeal the trial court's default judgment rendered on February 19, 2020. Appellee, American Global Insurance Company, Inc., has filed a Motion to Dismiss Appeal as untimely. Given that the appeal was untimely filed, the Appellee's motion is granted and the appeal is dismissed.

## PROCEDURAL HISTORY

On October 24, 2019, Appellee sued Appellants for defaulting on a mortgage and promissory note associated with immovable property located at 4503 Prytania Street, New Orleans, Louisiana 70115. Appellants were served with a certified copy of the Citation and Petition on January 20, 2020. When Appellants failed to answer the petition, Appellees filed for a preliminary default judgment on February 14, 2020. Several days later, on February 19, 2020, the default judgment was confirmed in the amount of $200,000.00, as well as $5,000.00 in attorney's fees. On the same day, the trial court mailed a Notice of Signing of Judgment. On July 16, 2020, Appellants filed a motion for suspensive appeal, which the trial

1

court granted on July 29, 2020, without setting a bond.  Appellee's motion to dismiss the appeal followed.

## DISCUSSION

In its motion to dismiss the appeal, Appellee seeks to dismiss the appeal on jurisdictional grounds because the appeal was untimely.  We agree.

The trial court rendered a default judgment and mailed a notice of judgment on February 19, 2020.  Therefore, the delay to file for a new trial expired on March 2, 2020.  *See* La. C.C.P. art. 1974.[1]  Since Appellants did not file a motion for new trial, the appeal delay for filing a suspensive appeal expired on April 2, 2020.[2]  Likewise, the appeal delay for filing a devolutive appeal expired on May 1, 2020.[3]

However, due to the COVID-19 pandemic, the governor issued a series of proclamations, which temporarily extended legal deadlines.  Pursuant to La. R.S. 9:5830, the Louisiana Legislature codified the proclamations and granted a final extension until July 6, 2020.  Specifically, La. R.S. 9:5830(A) states:

---

[1] La. C.C.P. art 1974 states: "The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."

[2] La. C.C.P. art. 2123(A)(1) states:

> A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

[3] La. C.C.P. art. 2087(A)(1) states:

> Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

> All deadlines in legal proceedings that were suspended by Proclamation Number JBE 2020–30 and any extensions thereof shall be subject to a limited suspension or extension until July 6, 2020; however, the suspension or extension of these deadlines shall be limited and shall apply only if these deadlines would have otherwise expired during the time period of March 17, 2020, through July 5, 2020. The right to file a pleading or motion to enforce any deadline in legal proceedings which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.

Appellants argue that the statutory extension amounted to a legal suspension affording them an additional eleven days, until July 16, 2020, to file their motion for appeal. We find this argument misplaced, as the statutory language is clear and unambiguous. All deadlines were subject to a "limited suspension or extension until July 6, 2020[.]" Thus, any deadline that would have expired between March 17, 2020 and July 5, 2020, expired on July 6, 2020. Accordingly, the time limit to file either a suspensive or devolutive appeal expired on July 6, 2020.

Here, Appellants filed their motion for a suspensive appeal on July 16, 2020, which was untimely. "Absent a timely filed motion for appeal, the appellate court lacks jurisdiction over the appeal." *Tennebaum v. LeCompte*, 15-0008, p. 2 (La. App. 4 Cir. 8/12/15), 173 So.3d 1185, 1185 (internal quotation and citation omitted).

## CONCLUSION

For these reasons, Appellee's Motion to Dismiss Appeal is granted and the appeal is dismissed.

**MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED**

3