STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0913

STATE OF LOUISIANA

VERSUS

KYLE TRUMAINE GREVIOUS AND FOUR THOUSAND
NINETY DOLLARS AND NO/CENTS
(4,090.00) IN U.S. CURRENCY MIXED DEMONIATIONS [sic]

Judgment Rendered: __APR 2 6 2021__


* * * * * * *


APPEALED FROM THE EIGHTEENTH JUDICIAL DISTRICT COURT,
IN AND FOR THE PARISH OF IBERVILLE
STATE OF LOUISIANA
DOCKET NUMBER 79676

HONORABLE ALVIN BATISTE, JR., JUDGE


* * * * * * *


Anthony "Tony" Clayton
District Attorney
Michael P. Frugé
Assistant District Attorney
Port Allen, Louisiana

Attorneys for Appellee
State of Louisiana


J. Rodney Messina
Baton Rouge, Louisiana

Attorney for Appellant
Kyle Trumaine Grevious


BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.

**McDonald, J.**

In this case, Kyle Trumaine Grevious appeals the forfeiture of $4,090.00 cash seized from him after he was stopped for speeding and arrested on drug charges. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

On August 28, 2019, Mr. Grevious was stopped for speeding, and arrested on charges of possession with intent to distribute marijuana, possession with intent to distribute Suboxone, and possession of drug paraphernalia by the Iberville Parish Sheriff's Office. Mr. Grevious had one bundle of U.S. currency in mixed denominations in his pants pocket, and a safe in the back seat contained marijuana, marijuana oil and drug paraphernalia, and Suboxone, along with a second bundle of U.S. currency in mixed denominations. The currency, later found to total $4,090.00, was seized and Mr. Grevious was served with notice of pending forfeiture on August 29, 2019. The currency was counted at the bank and deposited into the Eighteenth Judicial District Court asset forfeiture account. Mr. Grevious filed a claim of ownership of the $4,090.00 on October 30, 2019.

Thereafter, the District Attorney filed an "Application for Order of Forfeiture or Exception of Prescription" on January 28, 2020. The District Attorney asked for forfeiture of the $4,090.00, pursuant to La. R.S. 40:2615(A),[1] noting that more than thirty days had passed since service of the notice of pending

---

[1] Louisiana Revised Statute 40:2615(A) provides:

> If no claims are timely filed in an action in rem, the district attorney may apply for an order of forfeiture and allocation of forfeited property pursuant to Section 2616 of this Chapter. Upon a determination by the court that the district attorney's written application establishes the court's jurisdiction, the giving of proper notice, and facts sufficient to show probable cause for forfeiture, the court shall order the property forfeited to the state.

forfeiture and no timely claims were received by the District Attorney.[2] The District Attorney also filed a verification that Mr. Grevious was personally served with the notice of pending forfeiture on August 29, 2019, that more than thirty days had elapsed since the notice, and that no timely claim had been filed with the District Attorney or the Iberville Parish Sheriff's Office.

On January 30, 2020, the trial court issued a rule to show cause why the application for order of forfeiture or exception of prescription should not be granted. Mr. Grevious filed an opposition to the order of forfeiture or exception of prescription on February 12, 2020. After a hearing, the trial court granted a judgment of forfeiture. The judgment was signed on March 11, 2020. Mr. Grevious filed a "MOTION FOR OUT OF TIME APPEAL" on June 2, 2020, which was granted by the trial court.

This court issued a rule to show cause order on November 9, 2020, stating that:

- The judgment on appeal appears to be a judgment of forfeiture governed by Louisiana Revised Statute 40:2601, et seq. These proceedings are governed by the provisions of the Louisiana Code of **Civil** Procedure. See La. R.S. 40:2611(K); See appellate record page 41)

- *In consideration of the above, it appears that the motion for appeal in this matter was untimely filed and that there is no authority for an out-of-time appeal under the facts of this case.*

---

[2] Louisiana Revised Statute 40:2610(A) provides:

> Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.

This court ordered the parties to show cause by briefs on or before November 25, 2020, why the appeal should or should not be dismissed.

Thereafter, this court ruled that the appeal was maintained, stating "[h]owever, the final determination as to whether this appeal is to be maintained is reserved for the panel to which the appeal is assigned." **State of Louisiana v. Kyle Trumaine Grevious And Four Thousand Ninety Dollars And No/Cents (4090.00) In U.S. Currency Mixed Demoniations**, 2020-0913 (La. App. 1 Cir. 12/30/20).

On appeal, Mr. Grevious makes one assignment of error, maintaining that the trial court erred in finding that the appellant's claim of ownership affidavit was untimely filed.

**TIMELINESS OF THE APPEAL**

A devolutive appeal may be taken within sixty days of (1) the expiration of the delay for applying for a new trial, if no application has been filed timely; or (2) the date of the mailing of notice of the court's refusal to grant a timely application for new trial. La. C.C.P. art. 2087(A)(1) & (2). The delay for applying for a new trial shall be seven days, exclusive of legal holidays, with the delay commencing to run on the day after the clerk has mailed the notice of judgment, or the sheriff has served the notice of judgment. La. C.C.P. art. 1974. Once the seven-day period for filing a motion for new trial has passed with no motion for new trial filed, the appellate delays begin to run. **Nelson v. Teachers' Retirement System of Louisiana**, 2010-1190 (La. App. 1 Cir. 2/11/11), 57 So.3d 587, 589-590.

The judgment at issue was rendered on March 11, 2020, and notice was issued on March 19, 2020. As no motion for new trial was filed, it appears the appellate delay would have expired on May 29, 2020. See La. C.C.P. art. 2087(A). However, La. R.S. 9:5830(A) extended all legal deadlines, which did not toll

4

between March 16, 2020, and July 6, 2020.[3] Thus, we find that the motion for appeal, filed on June 2, 2020, was filed timely.

## THE APPEAL

On appeal, Mr. Grevious maintains that the trial court erred in finding that his claim of ownership affidavit was untimely filed. Mr. Grevious maintains that the order of forfeiture is invalid because there were two orders of forfeiture that were issued that were different. The record, however, is clear. Mr. Grevious was provided notice of pending forfeiture on August 29, 2019. A notice of pending forfeiture was later sent, on October 1, 2019, to Mr. Grevious's father, Albert Grevious, the owner of the car, in the event that Albert Grevious wanted to file a claim. Albert Grevious did not file a claim. We find that Mr. Grevious's argument that his thirty days to respond to his notice of forfeiture that he received on August 29, 2019, should have restarted on October 2, 2019, when notice of pending forfeiture was sent to his father, is without merit.

Further, while Mr. Grevious maintains that his notice of pending forfeiture was invalid because it stated that it was for two bundles of U.S. currency in mixed denominations, rather than for an exact amount, the Assistant District Attorney noted at the hearing that money seized in the field is taken to a bank where it is then counted for accuracy. Mr. Grevious could have filed a claim to the property as it was described in the notice of pending forfeiture, two bundles of U.S. currency in mixed denominations.

---

[3] Louisiana Revised Statutes 9:5830(A) provides:

> All deadlines in legal proceedings that were suspended by Proclamation Number JBE 2020-30 and any extensions thereof shall be subject to a limited suspension or extension until July 6, 2020; however, the suspension or extension of these deadlines shall be limited and shall apply only if these deadlines would have otherwise expired during the time period of March 17, 2020, through July 5, 2020. The right to file a pleading or motion to enforce any deadline in legal proceedings which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.

We note the following language by the Louisiana Supreme Court:

> The mandatory, plain-language requirements for the filing of a timely, valid claim or request for stipulation are clear and, if not met, carry significant consequences. La. R.S. 40:2610 clearly establishes a thirty-day filing deadline that cannot be extended under any circumstances; prescribes the necessary form of the claim; and sets forth the required content of the averments with unambiguous specificity. The failure to fulfill any of these requirements—whether it be missing the deadline, filing a claim not in affidavit form, or not setting forth the necessary averments—precludes the owner or interest holder from further participation in the forfeiture proceeding. As the Act makes plain, when "no request for stipulation or claim is filed timely, the district attorney shall proceed as provided in Sections 2615 and 2616." *See* La. R.S. 40:2609. La. R.S. 40:2615(A) provides in pertinent part: "If no claims are timely filed in an action in rem, the district attorney may apply for an order of forfeiture and allocation of forfeited property pursuant to Section 2616 of this Chapter. Upon a determination by the court that the district attorney's written application established the court's jurisdiction, the giving of proper notice, and facts sufficient to show probable cause for forfeiture, the court shall order the property forfeited to the state." (Footnote omitted.)

**State v. 2003 Infiniti G35 VIN No. JNKCV51E93MO24167**, 2009-1193 (La. 1/20/10) 27 So.3d 824, 834.

Mr. Grevious was provided notice of the pending forfeiture on August 29, 2019, and no claim was filed within the thirty day time limit provided by La. R.S. 40:2610(A). Therefore, we find no error in the trial court judgment granting the forfeiture.

## CONCLUSION

For the foregoing reasons, the March 11, 2020, trial court judgment granting forfeiture is affirmed. Costs of this appeal are assessed against Kyle Trumaine Grevious.

**AFFIRMED.**

6