TONY DOOLEY                    *       NO. 2022-CA-0011

VERSUS                         *
                                       COURT OF APPEAL
CJ JOHNSON HOME                *
IMPROVEMENT &                          FOURTH CIRCUIT
CORNELIUS JOHNSON              *
                                       STATE OF LOUISIANA
                   * * * * * * *

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2020-05001, SECTION "B"
Honorable Marissa A Hutabarat,
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Paula A. Brown, Judge
Tiffany Gautier Chase)

***CHASE, J., CONCURS IN THE RESULT***

Clarence Roby, Jr.
LAW OFFICES OF CLARENCE ROBY, JR., APLC
3701 Canal Street
Suite U
New Orleans, LA 70119


          COUNSEL FOR PLAINTIFF/APPELLANT


Cornelius Johnson
CJ JOHNSON HOME IMPROVEMENT
1033 Parc Helen Drive
Marrero, LA 70072


          *PRO SE* DEFENDANT/APPELLEE


                                       **APPEAL DISMISSED**
                                       **APRIL 13, 2022**

This civil appeal arises out of a contract dispute. Appellant, Tony Dooley, appeals the city court's July 23, 2021 judgment, which dismissed his claims of fraud and breach of contract against Appellees, CJ Johnson Home Improvement and Cornelius Johnson. For the reasons that follow, we dismiss the appeal for lack of subject matter jurisdiction.

**FACTUAL AND PROCEDURAL HISTORY**

On October 21, 2020, Tony Dooley ("Appellant") filed, in the city court, a lawsuit for fraud, breach of contract and damages, naming CJ Johnson Home Improvement and Cornelius Johnson as the defendants (collectively referred to as "Appellees").[1] Appellant, averring that he paid Appellees $5,000.00 to perform plumbing services at his rental property, alleges that Appellees breached their agreed upon contract. According to Appellant, Appellees fraudulently accepted the payment for plumbing services that Appellees subcontracted to a different

---

[1] Appellees did not file an appellate brief in this appeal.

1

contractor to perform the work. Upon discovering that Appellees subcontracted the services, Appellant sought a refund for the full contract price of $5,000.00. Appellant contends that after negotiating with Appellees, they offered to refund him only half of the contract price for subcontracting the services to a different contractor, which he declined. Appellant prayed for judgment in his favor and for all reasonable damages, costs, and attorney's fees.

Appellees filed an answer denying the allegations. Appellees also asserted that Appellant failed to allege material facts to support an agreed upon contract or fraud thereof, and prayed for judgment in their favor, dismissing Appellant's claims with prejudice.

The matter came for trial on June 23, 2021. On the same day, after the trial on the merits, the city court rendered judgment, with accompanying reasons for judgment, against Appellant and in favor of Appellees, finding that Appellant failed to carry his burden of showing there was a breach of contract or fraudulent activity by Appellees. The city court, pursuant to La. C.C.P. art. 1913[2], mailed the notice of signing of judgment to all parties on July 23, 2021.

On August 23, 2021, Appellant filed a notice of intent to take a devolutive appeal in the city court. Appellant's devolutive appeal was lodged into this Court

---

[2] La. C.C.P. art. 1913 provides, in pertinent part:

> A. Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.
>
> *     *     *
>
> D. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.

2

on January 6, 2022. On March 10, 2022, this Court ordered Appellant to show cause on or before March 18, 2022, why this appeal should not be dismissed for lack of appellate jurisdiction, as Appellant's notice of intent to take a devolutive appeal was filed thirty-one (31) days after the mailing of the city court's notice of signing of judgment. In response, on March 22, 2022, Counsel for Appellant filed a motion for leave to file an out of time appeal.

## DISCUSSION

It is well settled that an appellate court must examine if subject matter jurisdiction exists *sua sponte*, even if the litigants fail to raise the issue. *Phipps v. Schupp*, 2017-0067, p. 3 (La. App. 4 Cir. 7/19/17), 224 So.3d 1019, 1021-22 (citations omitted). An appellate court lacks subject matter jurisdiction when an appellant fails to timely file a motion to take an appeal. *Tennebaum v. LeCompte*, 2015-0008, p. 2 (La. App. 4 Cir. 8/12/15), 173 So.3d 1185 (quoting *Falkins v. Jefferson Parish Sch. Bd.*, 97-26, p. 2 (La. App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006). La. C.C.P. art. 5002, which governs the time delay for appeals from city courts, provides, in pertinent part, that "[a]n appeal from a judgment rendered by a city court or a parish court may be taken only within ten [(10)] days from the date of the judgment or from the service of notice of judgment, when such notice is necessary." When the appeal is timely, "[t]he jurisdiction of the [city] court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond. . . ." La. C.C.P. art. 2088A. When the appeal is untimely, the appellate court may dismiss the appeal for a lack of subject matter jurisdiction. *See Tennebaum*, 2015-0008, p. 2, 173 So.3d at 1185.

3

As previously noted, the record reflects that on August 23, 2021, Appellant's notice of intent to take a devolutive appeal was filed in the city court thirty-one (31) days after the city court's mailing of the notice of signing of judgment. In response to this Court's March 10, 2022 show cause order, Counsel for Appellant submits that at the time the notice of signing the judgment was mailed, he was in the process of relocating his law office. Counsel for Appellant represents that as a consequence, the notice was untimely forwarded and the notice to take the appeal was thereafter filed outside of the ten (10) day time delay. This Court addressed a similar issue in *Calogero v. USA Agencies Cas. Ins. Co., Inc.*, 2019-0347 (La. App. 4 Cir. 12/4/19), 286 So.3d 586.

In *Calogero*, the appellant filed a notice to take a devolutive appeal fifty-four (54) days after the city court's notice of judgment was mailed. The *Calogero* Court ordered the appellant to show cause, in writing, why the appeal should not be dismissed as untimely. In response, counsel of record submitted that she had moved her law office and never received the city court's notice of signing the judgment. This Court, citing Rule 6, § 7 of the Rules of First City Court of the City of New Orleans, found that "[w]hen an attorney whose name is shown on any pleading . . . moves his office from one location to another, he must change his address on all pleadings which he has previously filed an (sic) on which the former address has been shown." *Calogero*, 2019-0347, p. 3, 286 So.3d at 588. "The failure to do so will bar such attorney from pleading the nonreceipt of notice mailed by the Court . . . ." *Id.*

Effective May 15, 2020, Rule 6, § 7 of the Rules of First City Court of the City of New Orleans was recodified as Rule 7, § 3, which reads:

Each attorney and self-represented litigant has a continuing obligation to advise the Court, in writing, of any address, telephone number, facsimile number and/or e-mail address change. The failure to do so will bar such attorney or self-represented litigant from pleading the nonreceipt of notice mailed by the Court to his address originally shown on the pleadings.

In the case *sub judice*, the record reflects that Counsel for Appellant did not change his address for his law office on any pleadings on which his former address was shown. Although the address on the devolutive appeal lodged with this Court reflects an updated address, there is nothing in the record to suggest that Counsel for Appellant advised the city court of an address change. Accordingly, Appellant's appeal is dismissed, as this Court lacks subject matter jurisdiction to consider the appeal on its merits. In addition, Appellant's motion to file an out of time appeal is denied.

## CONCLUSION

Based on the foregoing, we dismiss the appeal for lack of subject matter jurisdiction.

**APPEAL DISMISSED**