IN RE: BRYANT JOSEPH
GROS, JR. APPLYING FOR
INTRAFAMILY ADOPTION
OF ANNABELLE MARIE
BECK AND AMELIA ROSE
BECK

\*

\*

\*

\*

NO. 2022-CA-0665

COURT OF APPEAL

FOURTH CIRCUIT

STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 1478-J, DIVISION "A"
Honorable William M McGoey, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Sandra Cabrina Jenkins)


Stephen H. Shapiro
ATTORNEY AT LAW
700 Camp Street
New Orleans, LA 70130

    COUNSEL FOR APPELLANT

Karla Marie Baker
BAKER LAW FIRM LLC
2955 Ridgelake Drive
Suite 114
Metairie, LA 70002

    COUNSEL FOR APPELLEE


**APPEAL DISMISSED**


**NOVEMBER 9, 2022**

*SCJ*
*TFL*
*JCL*

This appeal arises from the district court's June 20, 2022 judgment granting a petition for intrafamily adoption in favor of Bryant Joseph Gros, Jr., decreeing him as the legal parent of the two children, A.M.B. and A.R.B. The children's biological father, James Beck, filed a motion for appeal of the district court's judgment on August 18, 2022. Pursuant to La. Ch. C. art 1259, which requires an appeal of a judgment of adoption to be filed within thirty days after the rendition of judgment, we find the appeal untimely and dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

On March 17, 2022, Mr. Gros filed a petition for intrafamily adoption of A.M.B. and A.R.B., the legitimate children of petitioner's wife, Rachel Fernandez, from her former marriage to the biological father, Mr. Beck. After her divorce from Mr. Beck in 2018, Ms. Fernandez was awarded sole custody of the two children. Subsequently, in 2021, Ms. Fernandez married Mr. Gros.

1

In his petition, Mr. Gros alleged that Ms. Fernandez consented to the adoption of the two children. Mr. Gros further alleged that Mr. Beck had refused or failed to comply with a court order of child support without just cause for a period of at least six months, and that he had failed to communicate or attempt to communicate with the children without just cause for at least six months. Based on those allegations, pursuant to La. Ch. C. art. 1245, Mr. Gros asserted that the conditions had been met to dispense with the parental consent of Mr. Beck to the adoption.[1] Mr. Gros finally alleged that the adoption was in the best interest of the children.

On April 22, 2022, Mr. Beck filed an answer to the petition, opposing the adoption. On May 25, 2022, the district court held a hearing on the petition. At the hearing, the district court heard testimony from Ms. Fernandez, Mr. Gros, Mr. Beck, and Mr. Beck's mother. At the conclusion of the hearing, the district court

---

[1] La. Ch. C. art. 1245 provides, in pertinent part, as follows:

A. The consent of the parent as required by Article 1193 may be dispensed with upon proof by clear and convincing evidence of the required elements of either Paragraph B or C of this Article at the hearing on the opposition and petition.
   *       *       *
C. When the spouse of a stepparent petitioner has been granted sole or joint custody of the child by a court of competent jurisdiction or is otherwise exercising lawful custody of the child and any one of the following conditions exists:
   1. The other parent has refused or failed to comply with a court order of support without just cause for a period of at least six months.
   2. The other parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of at least six months.

La. Ch. C. art. 1193 provides, in pertinent part, as follows:

Unless rights have been terminated in accordance with Title X or XI, consent to the adoption of a child or relinquishment of parental rights shall be required of the following:
   *       *       *
   2. The father of the child, …

stated oral reasons for finding that petitioner had met his burden of showing that (1) Mr. Beck's parental consent to the adoption was not necessary pursuant to La. Ch. C. art. 1245; and (2) the adoption was in the best interest of the children. Accordingly, the district court granted the petition for intrafamily adoption.

On June 20, 2022, the district court rendered its judgment granting the petition for intrafamily adoption in favor of Mr. Gros, decreeing him to be the legal parent of the two children. Mr. Beck filed his motion to appeal the district court's judgment on August 18, 2022.

## TIMELINESS OF THE APPEAL

This appeal was lodged with this Court on October 7, 2022. On October 24, 2022, this Court ordered the parties to show cause in writing, within ten days, why the appeal should not be dismissed as untimely pursuant to La. Ch. C. art. 1259. *See State ex rel. A.S.K.*, 00-0636, p. 3 (La. App. 4 Cir. 12/6/00), 775 So.2d 1101, 1103 ("An appellate court may, on its own motion, recognize its lack of authority to entertain an untimely appeal and dismiss it.") Mr. Beck filed his response to this Court's order on November 3, 2022. Mr. Gros did not file a response.

The time limitation for an appeal of judgment of adoption is governed by La. Ch. C. art. 1259, which provides:

> A. Any party to the proceedings or any other party in interest shall have the right to appeal a judgment granting or refusing to grant an interlocutory or final decree regarding any type of adoption within thirty days after the rendition of a judgment or decree.
>
> B. If no appeal is perfected within thirty days after a judgment is rendered, the judgment shall be final.

3

Thus, in this case, Mr. Beck had thirty days from the district court's June 20, 2022 judgment to file his motion for appeal. As stated above, Mr. Beck filed his motion for appeal on August 18, 2022.

In response to this Court's show cause order, Mr. Beck's counsel acknowledged that the motion for appeal was not filed within the thirty-day time limitation pursuant to La. Ch. C. art. 1259. Counsel argued that he acted in good faith in opting, mistakenly, to take a devolutive appeal, and counsel asked this Court to exercise discretion in accepting the appeal.

This Court has no discretion to accept this untimely appeal. "[T]he defect of not taking an appeal timely is jurisdictional, and neither counsel, the trial court, nor the appellant [*sic*] court has the authority to extend this delay." *State ex rel. E.A.*, 02-996, p. 3 (La. App. 3 Cir. 10/2/02), 827 So.2d 594, 596 (citing *Hawkins v. Shropshire*, 275 So.2d 821 (La. App. 4 Cir. 1973). "Absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal." *Tennebaum v. LeCompte*, 15-0008, p. 2 (La. App. 4 Cir. 8/12/15), 173 So.3d 1185 (quoting *Falkins v. Jefferson Parish Sch. Bd.*, 97-26, p. 2 (La. App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006).

## CONCLUSION

For the foregoing reasons, we dismiss this appeal as untimely.

**APPEAL DISMISSED**