MONICA TINOCO                    *        NO. 2023-CA-0051

VERSUS                           *        COURT OF APPEAL

ALLAN TINOCO                     *        FOURTH CIRCUIT

                                 *        STATE OF LOUISIANA

                                 *

                                 *
* * * * * * *

SCJ

**JENKINS, J., DISSENTS WITH REASONS**

This court is without jurisdiction to consider this matter. From my review of the record, this appeal is untimely.

It is well settled that an appellate court has a duty to determine *sua sponte*, whether the court has the proper jurisdiction to consider the merits of an appeal filed in the court. *Joseph v. Wasserman*, 2021-0138, p. 3 (La. App. 4 Cir. 12/17/21), 334 So.3d 413, 416 ( citing *Schwarzenberger v. Louisiana State Univ. Health Sciences Ctr.-New Orleans*, 2018-0812, p. 2 (La. App. 4 Cir. 1/9/19), 263 So.3d 449, 451-52). "Absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal." *Tennebaum v. LeCompte*, 2015-0008, p. 2 (La. App. 4 Cir. 8/12/15), 173 So.3d 1185 (quoting *Falkins v. Jefferson Parish Sch. Bd.*, 97–26, p. 2 (La. App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006).

A devolutive appeal may only be taken within sixty days of either 1) the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, if no application has been filed timely, or 2) the date of the mailing of the notice of the court's refusal to grant a timely filed application for a new trial or judgment notwithstanding the verdict. La. C.C.P. art. 2087(A).

1

La. C.C.P. art 1974 provides that "[a] party may file a motion for a new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913."

In this matter, the notice of judgment is dated February 24, 2022. Allan Tinoco filed a motion for new trial on March 8, 2022, which is more than seven days after the mailing of the notice. Therefore, Mr. Tinco's motion for new trial filed on March 8, 2022, was untimely because the time delay began to run on February 25, 2022, and the seven day time period ended on March 7, 2022.

"Once the seven-day period for filing a motion for new trial has passed, and no motion for new trial is filed or said motion is untimely filed, the judgment becomes final." *Nelson v. Teachers' Ret. Sys. of Louisiana*, 2010-1190 (La. App. 1 Cir. 2/11/11, 4-5), 57 So.3d 587, 589-90 (citing La. C.C.P. arts. 2087(A)(1) and 2123(A)(1)). "An untimely motion for a new trial does not stop the appellate delays from running." *Tennebaum*, 2015-0008, p. 2, 173 So.3d at 1185 (quoting *First Nat. Bank of Commerce v. Boydell*, 2003–0613, p. 3 (La .App. 4 Cir. 9/24/03), 857 So.2d 1115, 1117).

Mr. Tinoco had sixty days to file a motion for devolutive appeal once the time period for filing a motion for new trial expired. *See* La. C.C.P. art. 2087. The November 1, 2022 motion for devolutive appeal is nearly six months past the sixty day time delay for filing a devolutive appeal.

Accordingly, I would dismiss Mr. Tinoco's appeal.