STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0564

**ARNOLD GORDON AND ANGELIA GORDON,
INDIVIDUALLY AND ON BEHALF OF DESTINY GORDON**

**VERSUS**

**GEICO INDEMNITY COMPANY AND VANESSA WILLIAMS, AS
REPRESENTATIVE OF THE SUCCESSION OF MICHAEL DYSON**

Judgment Rendered:___**DEC 3 0 2025**___

\* \* \* \* \* \* \*

On Appeal from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court Docket Number 2018-1682, Division "E"

Honorable Brenda B. Ricks, Judge Presiding

\* \* \* \* \* \* \*

Randy G. McKee
New Orleans, Louisiana

Counsel for Plaintiff/Appellant,
Arnold Gordon and Angelia Gordon
Individually and on Behalf of
Destiny Gordon

LaToia Williams-Simon
Hammond, Louisiana

Counsel for Defendant/Appellee,
Michael Dyson, Succession
Representative of the Estate of
Michael Jackson Dyson

\* \* \* \* \* \* \*

**BEFORE: THERIOT, PENZATO, AND BALFOUR, JJ.**

**PENZATO, J.**

Plaintiffs, Arnold and Angelia Gordon, appeal from the trial court's December 28, 2021 judgment sustaining exceptions filed by defendant, Michael E. Dyson, appearing as the succession representative of the Succession of Michael Dyson. After reviewing the record, we conclude the appeal is untimely and must be dismissed.

This suit arises out of a fatal vehicle accident between Destiny Gordon and Michael Dyson, both deceased, which occurred on May 12, 2017. On May 13, 2018, Destiny's parents, Arnold and Angelia Gordon ("the Gordons"), filed suit against Vanessa Williams, as the succession representative of the Succession of Michael Dyson, to recover damages as a result of Destiny's injuries and death. The Gordons amended their petition on March 22, 2021 to name Michael Dyson (the deceased Mr. Dyson's son) as the succession representative of the Succession of Michael Dyson.

In response, Michael E. Dyson ("Dyson"), appearing as the succession representative of the Succession of Michael Dyson, filed exceptions of insufficiency of service and prescription. Both exceptions were sustained by the trial court in a judgment signed on December 28, 2021. For reasons unclear from the record, notice of the signing of the judgment was not sent until October 30, 2024. The Gordons fax filed a motion and order for appeal on January 17, 2025; however, the motion was filed into the record on February 12, 2025. See La. R.S. 13:850. The order of appeal was granted on February 13, 2025.[1]

---

[1] After the order of appeal was granted, Dyson filed a motion to reconsider order of devolutive appeal in the trial court and asserted exceptions of prescription and lack of subject matter jurisdiction. On April 9, 2025, the trial court signed a judgment sustaining the exceptions, granted Dyson's motion to reconsider, and reversed and denied the previous order of appeal signed on February 13, 2025. On May 1, 2025, the Gordons untimely filed a motion for new trial from the April 9, 2025 judgment. The record does not contain a judgment on the motion for new trial. Nevertheless, these subsequent proceedings in the trial court have no bearing on the validity of the appeal. Louisiana Code of Civil Procedure article 2088 provides that, with limited exception, the jurisdiction of the trial court over all matters reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of an order of appeal in the case of a devolutive appeal. None of the exceptions set forth in La. C.C.P. art. 2088(A)(1) through (12) apply to extend the trial court's jurisdiction to review Dyson's motion to reconsider and the Gordons' untimely motion for new trial.

After the appeal was lodged, Dyson filed a motion to dismiss the appeal with this court, urging the appeal was untimely, and asserted an exception lack of subject matter jurisdiction (based on the untimeliness of the appeal). Thereafter, this court issued a rule to show cause order, noting the motion for appeal appeared to be untimely filed. The parties were ordered to show cause by briefs whether the appeal should/should not be dismissed as untimely. Both parties filed responsive briefs.

## TIMELINESS

As noted, the December 28, 2021 judgment sustains the exceptions of insufficiency of service and prescription. However, no claims are dismissed in the judgment, and the relief granted cannot be determined from the face of the judgment. Thus, the judgment does not contain the appropriate decretal language. La. C.C.P. art. 1918; *State in Interest of Kirkland v. Kirkland*, 2022-0790 (La. App. 1 Cir. 3/3/23), 362 So.3d 963, 968.

Louisiana Code of Civil Procedure article 1918 pertinently states that, "[i]f appealed, a final judgment that does not contain the appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with [La. C.C.P. art.] 1951 within the time set by the appellate court." Nevertheless, we do not remand this matter for amendment of the judgment, since we find the appeal is untimely.

Louisiana Code of Civil Procedure articles 1974, 2087, and 2123 govern the pertinent statutory delays. Louisiana Code of Civil Procedure article 1974 provides that the delay for applying for a new trial shall be seven days, exclusive of legal holidays, with the delay commencing to run on the day after the clerk has mailed the notice of judgment required by La. C.C.P. art. 1913. See *Nelson v. Teachers' Retirement System of Louisiana*, 2010-1190 (La. App. 1 Cir. 2/11/11), 57 So.3d 587, 589. Here, the delay for applying for a new trial began on October 31, 2024 and

3

expired on November 13, 2024. See La. R.S. 1:55(A)(1); La. C.C.P. arts. 1974 and 5059(A).

Once the seven-day period for filing a motion for new trial has passed, and no motion for new trial is filed or said motion is untimely filed, the judgment becomes final, and appellate delays begin to run. See La. C.C.P. arts. 2087(A)(1) and 2123(A)(1); *Nelson*, 57 So.3d at 589-90. Louisiana Code of Civil Procedure article 2087(A)(1) pertinently states that an appeal that does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of the expiration of the delay for applying for a new trial as provided by La. C.C.P. art. 1974 if no application has been filed timely. An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment. La. C.C.P. art. 2121; *Louka v. Board of Supervisors for University of Louisiana System*, 2023-0076 (La. App. 1 Cir. 9/21/23), 376 So.3d 864, 867, *writ denied*, 2023-01410 (La. 1/10/24), 376 So.3d 131.

Here, the Gordons did not file a motion for new trial challenging the December 28, 2021 judgment, for which notice was issued on October 30, 2024; therefore, the sixty-day time for filing a motion for devolutive appeal began on November 14, 2024 and expired on January 13, 2025. The record reflects the Gordons did not fax file the motion for appeal until January 17, 2025, after the delay for filing an appeal expired, and the original was not filed into the record until February 12, 2025.[2] Thus, the motion for appeal was untimely.

Appellate courts do not acquire jurisdiction of an appeal that is not timely perfected. *Louka*, 376 So.3d at 867. An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final

---

[2] Louisiana Revised Statutes 13:850 provides that a fax filing shall have the same force and effect as filing the original if the filing party complies with certain requirements, including delivering the original document and the required fees to the clerk's office within seven days, exclusive of legal holidays, after the clerk of court receives the fax filing.

4

judgment after the time for filing a devolutive appeal has elapsed. <u>See</u> La. C.C.P. art. 2087; *Louka*, 376 So.3d at 867. Consequently, pursuant to this court's rule to show cause order, the appeal is dismissed. Dyson's motion to dismiss and exception of lack of subject matter jurisdiction are denied as moot.

All costs of this appeal are assessed against plaintiffs, Arnold and Angelia Gordon.

**APPEAL DISMISSED. MOTION TO DISMISS AND EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION DENIED AS MOOT.**