984 So.2d 746 (2008)
CITY OF BATON ROUGE, Parish of East Baton Rouge, and The Department of Public Works
v.
Anthony DOUGLAS and The Personnel Board of the City of Baton Rouge, Parish of East Baton Rouge.
No. 2007 CA 1153.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
Rehearing Denied April 3, 2008.
Writ Denied June 20, 2008.
*747 Margaret Hammond Jackson, Slidell, LA, for Defendant-Appellant, Anthony Douglas.
E. Wade Shows, Gwendolyn K. Brown, Dawn N. Guillot, Baton Rouge, LA, for Plaintiffs-Appellees, City of Baton Rouge, Parish of East Baton Rouge, and the Department of Public Works.
Jonathan C. Augustine, Baton Rouge, LA, for Defendant-Appellee, The Personnel Board of the City of Baton Rouge/Parish of East Baton Rouge.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
CARTER, C.J.
Defendant, Anthony Douglas, appeals a judgment compelling him to execute all documents necessary to consummate a settlement agreement reached in open court. Plaintiffs, the City of Baton Rouge/Parish of East Baton Rouge ("the City/Parish"), answered the appeal, seeking sanctions and damages for frivolous appeal. For the following reasons, we affirm the judgment and deny the answer to the appeal.

BACKGROUND
This case has a long history involving Mr. Douglas's disputed termination of employment with the City/Parish in 1999. After two appeals, Mr. Douglas was reinstated to his employment.[1] In connection with Mr. Douglas's reinstatement to employment, he underwent a routine physical examination and drug/alcohol screening in January 2007. Following the results of the drug screening, the City/Parish again sought to terminate Mr. Douglas's employment, and Mr. Douglas once again disputed the termination.
On March 9, 2007, the parties and their attorneys engaged in a settlement conference with the trial court. After the conference, the parties and their attorneys entered a settlement agreement on the record in open court. At the hearing, the parties acknowledged that they had been well-represented by counsel and that they had reached an agreement disposing of all the issues referenced in a written stipulation, *748 including the City/Parish's payment of back wages, severance, and retirement contributions. In the stipulation, Mr. Douglas agreed to release the City/Parish from all possible pending claims, to retire from the City/Parish employment, and to never again seek or accept employment with the City/Parish.
The written stipulation detailing the dollar amounts agreed to be paid and outlining the terms and conditions of the settlement were prepared by the City/Parish. A copy of the stipulation was received by the trial court, the parties, and all counsel, and it was filed into evidence at the March 9, 2007 hearing. At the hearing, the trial court questioned Mr. Douglas on the record regarding his understanding that the settlement agreement "puts an end to all of the litigation between you and the City[/Parish]." Mr. Douglas indicated that he understood and that he desired to put an end to the litigation. Mr. Douglas asked a question about the stipulation that he must "never" seek employment with the City/Parish in the future, and it was explained to him that it was one of the City/Parish's conditions of settlement. Mr. Douglas indicated on the record, "[t]hat's agreeable" and the trial court stated, "[a]ll right. This case is fully settled."
After the settlement was reached, the City/Parish obtained the necessary approval by the Baton Rouge Metro Council on March 14, 2007. Checks were issued to fulfill the payments required by the City/Parish and the receipt and release documents were prepared. Subsequently, on March 22, 2007, Mr. Douglas delivered a letter to the trial court, his counsel, and the City/Parish through its counsel, declaring that he was refusing to accept the terms of the settlement because he no longer agreed to retire and sever any future employment relationship with the City/Parish. Mr. Douglas did not dispute the terms of the settlement agreement; rather, he changed his mind on accepting the terms because he did not believe the terms were fair and equitable and he claimed that he had made the decision under duress. On March 28, 2007, the City/Parish filed a motion to enforce the settlement agreement that had been reached in open court on March 9, 2007.
After a hearing on April 23, 2007, the trial court granted the City/Parish's motion to enforce the settlement agreement, and ordered Mr. Douglas to execute all of the documents and take all actions necessary to consummate the settlement agreement. Judgment was signed on April 30, 2007. The record reflects that on May 14, 2007, Mr. Douglas signed the settlement, receipt, and release documents as ordered by the trial court, but he also filed into the record on the same date, a sworn statement detailing his disagreement with the settlement, receipt and release documents, and stated that he "signed off" on the settlement agreement "in total protest and duress, in fear of being held in contempt of court and being jailed."
Mr. Douglas appeals from the trial court judgment, essentially arguing that the trial court erred in enforcing the settlement agreement because his consent was vitiated by duress, the settlement was against public policy, and he did not feel the settlement was fair or equitable to him. The City/Parish answered the appeal, seeking sanctions and damages for frivolous appeal.

DISCUSSION
Settlement agreements are also known as "compromise" agreements. See Trask v. Lewis, 258 So.2d 603, 605 (La. App. 1 Cir.1972). In 2007, the Legislature amended and reenacted the Louisiana Civil Code articles relative to compromise to *749 be comprised of LSA-C.C. arts. 3071-3078. See Acts 2007, No. 138, § 1. Although the articles are new, they were not intended to change the law, but to merely reproduce the substance of the former articles and to clarify and reflect principles contained in the former particles and jurisprudence. See 2007 Official Revision Comments, LSA-C.C. arts. 3071-3078. The pertinent code articles for our analysis of the settlement agreement at issue here are LSA-C.C. arts. 3071, 3072, and 3082.
Louisiana Civil Code article 3071 provides: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Louisiana Civil Code article 3072 provides: "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." (Emphasis added.) Louisiana Civil Code article 3082 provides: "A compromise may be rescinded for error, fraud, and other grounds for the annulment of contracts. Nevertheless, a compromise cannot be rescinded on grounds of error of law or lesion."
According to the cited civil code articles and jurisprudence, for a settlement agreement to be valid and enforceable, it must either be recited in open court and capable of being transcribed from the record of the proceeding or be in writing and signed by the parties or their agents. See Sullivan v. Sullivan, 95-2122 (La.4/8/96), 671 So.2d 315, 317-318. Not only does the party seeking to nullify a settlement agreement bear the burden of proof but the law strongly favors compromise agreements between parties. Courts will not invalidate such settlements absent a strong showing that they violate good morals or the public interest because of error, bad faith, or fraud. Autin-Germany v. Germany, 00-1924 (La.App. 5 Cir. 4/11/01), 789 So.2d 608, 613.
Applying the law to the facts of this case, we conclude that the March 9, 2007 stipulation in court was a valid compromise. Although this particular settlement agreement was not put into a writing that was signed by the parties, the agreement was detailed in a written stipulation that was offered and accepted into evidence at an open court hearing in which the trial court, the attorneys, and the parties all acknowledged the existence of the stipulation and the parties agreed on the record that they desired to fully settle their differences. Prior to the hearing, the parties, their attorneys, and the trial court all participated in a settlement conference that resulted in the stipulation that was admitted into evidence at the hearing immediately following the conference. No one objected on the record to the terms of the stipulation or to the agreement to settle. The stipulation resulted after lengthy negotiation and conference and it was fully disclosed to all of the parties and their counsel. It is abundantly clear from the record that Mr. Douglas and the City/Parish fully acquiesced in the stipulation that constituted a valid compromise. See Moore v. Moore, 05-0290 (La.App. 3 Cir. 11/2/05), 917 So.2d 1126, 1130, writ denied, 05-2472 (La.3/24/06), 925 So.2d 1228.
Contrary to Mr. Douglas's assertions in brief, he was not threatened by the trial court with contempt of court if he did not follow through with the stipulated settlement agreement. The transcript of the hearing simply does not support Mr. Douglas's claim that his consent was vitiated by duress. While Mr. Douglas was undoubtedly stressed and emotionally drained by the settlement negotiations, as well as the long years of litigation leading up to the settlement conference, the record *750 reflects that he knowingly and voluntarily agreed to put an end to this litigation.
We find that the settlement agreement was capable of being transcribed from the record. It is significant to note that there is no dispute over the terms of the stipulation in the record that outlines the settlement agreement. It is also significant that Mr. Douglas was represented by counsel at all times leading up to the settlement conference and during the hearing where the agreement was made on the record.[2] Mr. Douglas simply changed his mind after the March 9, 2007 hearing where he agreed to settle his differences with the City/Parish. There is absolutely no evidence of bad faith, fraud, error, or duress on the part of any of the parties, the attorneys, or the trial court. There is no evidence that Mr. Douglas agreed in court under threat or coercion by his attorney, the trial court, or against his free will. Finally, there is no evidence that Mr. Douglas had a mistaken belief as to the terms of the agreement. Unfortunately for Mr. Douglas, a change of heart is not a valid ground to rescind a compromise agreement. Furthermore, we do not find merit to Mr. Douglas's suggestion that the settlement agreement was against public policy. While Mr. Douglas obviously feels he made a bad decision to settle the litigation, it is not the province of the courts to relieve a party of a supposed bad bargain. See River Birch, Inc. v. Robin & Associates, Inc., 04-1561 (La.App. 1 Cir. 6/15/05), 906 So.2d 729, 737, writ denied, 05-2201 (La.2/10/06), 924 So.2d 176. Under these circumstances, we find no error in the trial court's judgment ordering Mr. Douglas to execute the documents necessary to accomplish the settlement agreement.
Additionally, we have carefully considered the City/Parish's request for sanctions and damages for frivolous appeal, but based on our review of the record, we do not find that such an award is warranted or equitable. In order to assess damages for a frivolous appeal, it must appear that the appeal is taken solely for the purpose of delay or that counsel does not seriously believe in the view of law he advocates. Guarantee Systems Const. & Restoration, Inc. v. Anthony, 97-1877 (La.App. 1 Cir. 9/25/98), 728 So.2d 398, 405, writ denied, 98-2701 (La.12/18/98), 734 So.2d 636. Although we have determined that Mr. Douglas's appeal lacks merit, we cannot say that this appeal was taken solely for the purpose of delay or harassment. We are also of the opinion that the arguments were presented in the spirit of zealous advocacy and cannot say that Mr. Douglas and his counsel did not seriously believe the position they advocated. Therefore, the City/Parish's request for sanctions and frivolous appeal damages is denied.

CONCLUSION
For these reasons, we affirm the judgment of the trial court enforcing the settlement agreement between Mr. Douglas and the City/Parish in all respects. The answer to the appeal is denied. Costs of this appeal are assessed against Mr. Anthony Douglas.
AFFIRMED; ANSWER TO APPEAL DENIED.
NOTES
[1] The prior opinions containing the full history of the employment dispute and its resolution are: City of Baton Rouge v. Douglas, 00-1736 (La.App. 1 Cir. 9/28/01), 800 So.2d 448 (unpublished), writ denied, 01-2806 (La.11/9/01), 801 So.2d 1066, overruled by City of Baton Rouge v. Douglas, 04-1448 (La. App. 1 Cir. 12/29/05), 923 So.2d 166 (en banc), writ denied, 06-0675 (La.6/2/06), 929 So.2d 1254.
[2] The assistance of legal counsel in the evaluation of a settlement agreement and the determination of available options is a circumstance to be considered when deciding if consent was freely given. See Averette v. Industrial Concepts, Inc., 95-1286 (La.App. 1 Cir. 4/30/96), 673 So.2d 642, 645-646, writ denied, 96-1510 (La.9/20/96), 679 So.2d 442.