# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-31224
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2014

Lyle W. Cayce
Clerk

ANTHONY W. DOUGLAS,

Plaintiff - Appellant

v.

CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-154

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Plaintiff Anthony W. Douglas appeals the district court's grant of the City of Baton Rouge/Parish of East Baton Rouge's ("City/Parish" or "Defendants") motion for summary judgment on his wrongful termination claims. For the following reasons, we AFFIRM the judgment of the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31224

## FACTS AND PROCEEDINGS

In 1999, Plaintiff Anthony W. Douglas was fired by the City of Baton Rouge/Parish of East Baton Rouge. Plaintiff challenged this act as a wrongful termination and, after several years of litigation, was reinstated. In 2007, Plaintiff allegedly failed a routine drug test, and was once again terminated. Plaintiff again disputed his firing. On March 9, 2007, the parties and their lawyers reached a settlement agreement, which they confirmed in open court in the Nineteenth Judicial District Court for East Baton Rouge Parish. "At the hearing, the parties acknowledged that they had been well-represented by counsel and that they had reached an agreement disposing of all the issues referenced in a written stipulation. . . ." *City of Baton Rouge v. Douglas*, 2007-1153 (La. App. 1 Cir. 2/8/08); 984 So.2d 746, 747.

The agreement released the Defendants from "any and all claims" related to Plaintiff's termination. It required Plaintiff to retire from City/Parish employment, and to never again seek or accept employment with this employer. It required Defendant to pay Plaintiff $258,184.94, divided between retirement, wage-related damages, non-wage-related damages, attorney fees, accrued sick leave and vacation, and Medicare taxes.

On March 22, 2007, Plaintiff attempted to revoke his settlement in a letter to the trial court. The letter "did not dispute the terms of the settlement agreement; rather, [Mr. Douglas] changed his mind on accepting the terms" and claimed that he had accepted under duress. *Id.* at 748. The Defendants moved to enforce the settlement agreement in state court. The court found the settlement agreement to be a valid compromise and settlement and granted Defendant's motion on April 30, 2007. Plaintiff executed the settlement documents on May 14, 2007, and endorsed two settlement checks on May 15, 2007 and a third on May 30, 2007. Plaintiff's appeal of the judgment to enforce the settlement agreement was rejected by the Louisiana First Circuit Court of

2

No. 13-31224

Appeal on February 8, 2008. *See id.* The state appeals court found that there was "absolutely no evidence of bad faith, fraud, error, or duress on the part of any of the parties, the attorneys or the trial court." *Id.* at 750. Plaintiff's application for a writ of certiorari was denied by the Louisiana Supreme Court on June 20, 2008.

Plaintiff filed a new petition in state court on March 17, 2009, to raise once again issues concerning the validity of the settlement agreement and its enforcement. Plaintiff also filed suit in the United States District Court for the Middle District of Louisiana on March 19, 2009 alleging violations of federal law, invoking Title VII, Age Discrimination in Employment Act ("ADEA"), the 1990 Older Workers Benefit Protection Act, and the Equal Protection and Due Process clauses of the Fourteenth Amendment. The federal court administratively stayed Plaintiff's federal court case pending resolution of the state court action.

The state trial court and appeals court once again ruled against Plaintiff on June 8, 2012. *City of Baton Rouge v. Douglas*, 2012 WL 2061419, 2011-2061 (La. App. 1 Cir. 6/8/12). The Louisiana Supreme Court again denied Plaintiff's application for a writ of certiorari. On January 29, 2013, the stay was lifted in federal court. The district court granted the Defendant's motion for summary judgment on res judicata grounds on September 16, 2013. Plaintiff appeals.

## STANDARD OF REVIEW

Summary judgment is proper only if the movant establishes that there is no genuine dispute as to any material fact, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(a). "We view facts in the light most favorable to the non-movant and draw all reasonable inferences in its favor." *Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir. 1996). But "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is

3

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

## DISCUSSION

"It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. Educ.*, 465 U.S. 75, 81 (1984).

> Louisiana jurisprudence holds that claims are barred by res judicata when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first suit; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Camsoft Data Sys., Inc. v. S. Electronics Supply, Inc.*, 2010 WL 3719608, at *2 (M.D. La. Sept. 15, 2010) (internal quotation marks and citation omitted), *vacated on other grounds, Camsoft Data Sys., Inc. v. S. Electronics Supply, Inc.*, 12-31013, 2014 WL 2782227 (5th Cir. June 19, 2014).

The judgments of the Louisiana First Circuit Court of Appeal on February 8 and June 8, 2012 were indisputably valid and final. The parties remain the same: Mr. Douglas and the City/Parish. The causes of action existed at the time of the final judgment in the first suit: Mr. Douglas's numerous complaints concerning his alleged wrongful termination and his subsequent settlement agreement. And these causes of action arose out of the same transaction or occurrence that has been the subject matter of all of Mr. Douglas's litigation these many years. All of the elements of res judicata are therefore satisfied, and Mr. Douglas's claims are barred.

No. 13-31224

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.