| | | |
|---|---|---|
| **LOUISIANA-ANNUNCIATION CONDOMINIUM ASSOCIATION, INC.** | * | **NO. 2023-CA-0327** |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **KATHRYN L. KENNEDY** | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2020-01910, SECTION "A"
Honorable Monique G. Morial, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

Salvador I. Bivalacqua
Will C. Griffin
Cody C. Loggins
GRIFFIN & BIVALACQUA LLC
650 Poydras Street, Suite 2615
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLEE

Alexandre E. Bonin
R. Christian Bonin
Jean-Marc Bonin
Paul A. Bonin
BONIN LAW FIRM
4224 Canal Street
New Orleans, LA 70119
-AND-
Edmond L. Guidry IV
GUIDRY & GUIDRY
324 S. Main Street
St. Martinville, LA 70582

      COUNSEL FOR DEFENDANT/APPELLANT

**MOTION TO DISMISS GRANTED IN PART, DENIED IN PART; APPEAL CONVERTED TO WRIT; WRIT GRANTED; JUDGMENT REVERSED AND REMANDED; MOTIONS TO STRIKE GRANTED**
**NOVEMBER 16, 2023**

NEK
PAB
DNA

This civil appeal arises out of a disputed compromise. Appellant, Dr. Kathryn L. Kennedy (hereinafter "Dr. Kennedy"), appeals the city court's August 1, 2022 and January 18, 2023 judgments, which enforced a compromise and awarded attorney's fees and costs in favor of Appellee, Louisiana-Annunciation Condominium Association, Inc. (hereinafter "Condo Association"). For the reasons that follow, we grant the Condo Association's motion to dismiss appeal as it relates to the February 15, 2023 motion for suspensive appeal for lack of subject matter jurisdiction; grant Dr. Kennedy's motion to strike exhibits and all references thereto in the motion to dismiss appeal; convert the December 5, 2022 motion for suspensive appeal to an application for supervisory writ; grant the writ; and reverse the city court's August 1, 2022 judgment to enforce the compromise. Additionally, we vacate the city court's January 18, 2023 judgment awarding attorney's fees in the amount of $40,000.00; grant Dr. Kennedy's motion to strike claims and references thereto in original brief filed by the Condo Association; and remand the matter for further proceedings.

1

## FACTUAL AND PROCEDURAL HISTORY

On March 6, 2020, the Condo Association filed suit against Dr. Kennedy in the city court for past due assessments. The Condo Association filed a first supplemental and amended petition on November 6, 2020, for additional past due assessments. The Condo Association was unable to locate Dr. Kennedy for service purposes. Therefore, on December 3, 2020, the Condo Association filed a motion to appoint curator to represent absent defendant, and the order appointing a curator to represent Dr. Kennedy was signed on December 4, 2020. The curator filed an answer on Dr. Kennedy's behalf on December 17, 2020. On April 12, 2021, the Condo Association filed a motion for leave to file second supplemental and amended petition that was granted on April 19, 2021. On the same day, the curator filed an answer to the second supplemental and amended petition.

On June 11, 2021, the Condo Association filed a motion for partial summary judgment asserting that Dr. Kennedy failed to pay special assessments; and, entitling it to payment of these past due assessments. On July 22, 2021, a motion to enroll as counsel of record was filed on behalf of Dr. Kennedy. The city court heard the Condo Association's motion for summary judgment on December 20, 2021, and denied the motion. On the same day, trial was set for April 18, 2022. On April 6, 2022, Dr. Kennedy e-filed an unopposed motion to reset trial that was signed on the next day, and trial was reset to April 19, 2022. Four days later, on April 11, 2022, Dr. Kennedy filed a motion for leave to file reconventional demand, which was opposed.

The parties appeared before the city court for trial on April 19, 2022, and purportedly reached a compromise that was read into the record. Dr. Kennedy declined to sign the consent judgment memorializing the purported compromise, which caused the Condo Association to file a motion to enforce compromise, motion

for attorney's fees and costs, and motion for declaratory judgment on May 16, 2022. On July 12, 2022, Dr. Kennedy filed a motion to substitute counsel that was signed on July 14, 2022. Also, on July 14, 2022, the city court granted the motions to enforce compromise and for attorney's fees and costs in favor of the Condo Association and continued without date the motion for declaratory judgment.[1] The judgment from the July 14, 2022 hearing was signed and the notice of signing of judgment was rendered on August 1, 2022. Additionally, the consent judgment from the April 19, 2022 trial was also signed on August 1, 2022, with a notice of signing of judgment rendered on the same date.

On August 10, 2022, Dr. Kennedy filed a motion to vacate judgment, motion for new trial, or in the alternative, declinatory exception of lack of subject matter jurisdiction (collectively referred to as "motions/exception"). On October 26, 2022, Dr. Kennedy filed a motion to enroll additional counsel, which was signed on October 27, 2022. The city court heard these motions/exception on October 27, 2022, and denied the motions/exception. The judgment was signed and notice of signing of judgment was rendered on November 10, 2022.

On December 5, 2022, Dr. Kennedy filed a motion for suspensive appeal, which stated:

> Defendant desires to appeal suspensively from the final consent judgment rendered in the above cause, with a Notice of Signing of October 1, 2022,[2] and the Denial of Defendant's timely filed Motion to Vacate/New Trial, Notice of Signing which was completed on November 10, 2022.

---

[1] The judgment on the motion to enforce compromise, motion for attorney's fees and costs, and motion for declaratory judgment states, in pertinent part, "This matter came before this Court on the 18th day of July 2022." However, the hearing transcript for the motion to enforce compromise, motion for attorney's fees and costs, and motion for declaratory judgment states that these proceedings were heard on July 14, 2022.

[2] *See infra* note 5.

The next day, on December 6, 2022, the city court signed two orders related to this motion for suspensive appeal: one order granted the appeal and set a bond amount, and the other order denied the appeal "pending the outcome of the motion for attorney's fees."[3]

On December 13, 2022, Dr. Kennedy fax-filed her motion to compel production of documents and for a grant of attorney's fees expended by defendant in pursuit of her motion to compel. On January 17, 2023, the city court heard the Condo Association's motion for attorney's fees and costs and Dr. Kennedy's motion to compel. The city court granted in part Dr. Kennedy's motion to compel and granted the Condo Association's motion for attorney's fees against Dr. Kennedy in the amount of $40,000.00. The judgment from this hearing was signed and notice of signing of judgment rendered on January 18, 2023.

On February 15, 2023, Dr. Kennedy filed a motion for suspensive appeal, which stated:

> Defendant desires to appeal suspensively from the final consent judgment rendered in the above cause, with a Notice of Signing of October 1, 2022,[4] and the Denial of Defendant's timely filed Motion to Vacate/New Trial, Notice of Signing which was completed on November 10, 2022. Defendant further desires to appeal suspensively from the final judgment issued on January 17, 2023, with a Notice of Judgment signing on January 18, 2023, regarding Defendant's Motion to Compel and Plaintiff's Motion for Attorney Fees.

In addition to filing a motion for suspensive appeal, on February 16, 2023, Dr. Kennedy filed a notice of intent to apply for supervisory writ and for an extension of return date regarding the city court's January 17, 2023 judgment. On March 6, 2023, the city court signed the order granting the suspensive appeal and set a bond

---

[3] An examination of the order denying the motion for suspensive appeal appears to be an altered version of the order granting the suspensive appeal.

[4] *See infra* note 5.

amount. On March 22, 2023, the city court signed an order that mooted the notice of intent to apply for supervisory writ and for an extension of return date and referenced the motion for suspensive appeal signed on March 6, 2023.

Dr. Kennedy's suspensive appeal was lodged with this Court on May 19, 2023. On May 22, 2023, the Condo Association filed a motion to dismiss appeal. On May 24, 2023, Dr. Kennedy filed a motion to strike exhibits and all references thereto in the motion to dismiss appeal filed by the Condo Association. Further, on June 6, 2023, Dr. Kennedy filed a memorandum in opposition to the Condo Association's motion to dismiss appeal. On June 12, 2023, this Court issued two orders deferring to the appeal panel for consideration of the motions to dismiss and strike exhibits. In response to the Condo Association's brief filed on July 27, 2023, Dr. Kennedy filed a motion to strike claims and references thereto in original brief filed by the Condo Association, on August 16, 2023.

## MOTION TO DISMISS

The Condo Association filed a motion to dismiss Dr. Kennedy's appeal asserting that her February 15, 2023 motion for suspensive appeal is untimely. Additionally, out of an abundance of caution, the Condo Association asserts that Dr. Kennedy's December 5, 2022 motion for suspensive appeal is untimely.

In *Dooley v. CJ Johnson Home Improvement*, this Court recently addressed the issue of an untimely appeal and succinctly stated the applicable law as follows:

> It is well settled that an appellate court must examine if subject matter jurisdiction exists *sua sponte*, even if the litigants fail to raise the issue. *Phipps v. Schupp*, 2017-0067, p. 3 (La. App. 4 Cir. 7/19/17), 224 So. 3d 1019, 1021-22 (citations omitted). An appellate court lacks subject matter jurisdiction when an appellant fails to timely file a motion to take an appeal. *Tennebaum v. LeCompte*, 2015-0008, p. 2 (La. App. 4 Cir. 8/12/15), 173 So. 3d 1185 (quoting *Falkins v. Jefferson Parish Sch. Bd.*, 1997-26, p. 2 (La. App. 5 Cir. 5/9/97), 695 So. 2d 1005, 1006). La. C.C.P. art. 5002, which governs the time delay for appeals

from city courts, provides, in pertinent part, that "[a]n appeal from a judgment rendered by a city court or a parish court may be taken only within ten [(10)] days from the date of the judgment or from the service of notice of judgment, when such notice is necessary." When the appeal is timely, "[t]he jurisdiction of the [city] court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond...." La. C.C.P. art. 2088A. When the appeal is untimely, the appellate court may dismiss the appeal for a lack of subject matter jurisdiction. *See Tennebaum*, 2015-0008, p. 2, 173 So. 3d at 1185.

2022-0011, p. 3 (La. App. 4 Cir. 4/13/22), 338 So. 3d 497, 499 (alteration in original). With these precepts in mind, we now turn to the motions for suspensive appeal.

### *February 15, 2023 Motion for Suspensive Appeal*

As previously noted, the Condo Association contends that Dr. Kennedy's February 15, 2023 motion for suspensive appeal is untimely. Review of the record reflects that on February 15, 2023, Dr. Kennedy's motion for suspensive appeal was filed in the city court twenty-eight (28) days after the city court's rendering of the notice of signing of judgment on January 18, 2023. In support of their motion to dismiss, the Condo Association attached an email exchange between counsel, which is marked as Exhibit G, to establish that Dr. Kennedy's counsel acknowledged receipt of the January 18, 2023 judgment no later than January 27, 2023; yet, Dr. Kennedy filed her motion for suspensive appeal nineteen (19) days after this acknowledgment.

In response to the Condo Association's motion to dismiss, Dr. Kennedy filed a motion to strike exhibits and all references thereto in the motion to dismiss appeal. Specifically, Dr. Kennedy asserts that Exhibits B, D, G, I, K, and L are not a part of the record on appeal and should be stricken from the motion to dismiss. In *JoAnn Place v. Ricard*, this Court stated:

6

> "[T]his Court is a court of record and can only review what is contained in the record on review." *NOLA 180 v. Harrah's Operating Co.*, 2012-0072, p. 3 (La. App. 4 Cir. 5/16/12), 94 So. 3d 886, 888 (citing *Mobile-One Auto Sound, Inc. v. Whitney Nat'l Bank*, 2011-0535, p. 12 (La. App. 4 Cir. 11/9/11), 78 So. 3d 807, 815). Thus, "[a]ppellate courts . . . may not review evidence that is not in the appellate record, or receive new evidence." *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So. 2d 84, 88-89 (citing La. C.C.P. art. 2164 (which states in pertinent part, that "the appellate court shall render any judgment which is just, legal and proper *upon the record on appeal*" (emphasis added)); *Gallagher v. Gallagher*, 248 La. 621, 628, 181 So. 2d 47, 49 (1965); *Bullock v. Commercial Union Ins. Co.*, 397 So. 2d 13, 15 (La. App. 3rd Cir. 1981); *Holmes v. St. Charles Gen. Hosp.*, 465 So. 2d 117, 122 (La. App. 4th Cir.1985) (on rehearing); *B.W.S., Jr. v. Livingston Par. Sch. Bd.*, 2006-1981, p. 2 (La. 8/16/06), 936 So. 2d 181, 182). "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Kimball v. Kamenitz*, 2021-0101, p. 22 (La. App. 4 Cir. 10/26/21), 331 So. 3d 474, 489 (quoting *Felix v. Safeway Ins. Co.*, 2015-0701, p. 7 (La. App. 4 Cir. 12/16/15), 183 So. 3d 627, 632).

2022-0456, pp. 12-13 (La. App. 4 Cir. 12/27/22), 356 So. 3d 518, 527 (alteration of original). Exhibits D, G, I, K, and L are correspondence between counsel that have not been formally offered and introduced into evidence at the trial court; Exhibit B includes the memorandum and exhibits filed with the motion to vacate, and none of the documents were offered or introduced into evidence. Exhibits B, D, G, I, K, and L do not constitute part of the record on appeal. Therefore, Dr. Kennedy's motion to strike exhibits is granted, and these exhibits are stricken from the motion to dismiss.

Nevertheless, on its face, the February 15, 2023 motion for suspensive appeal is untimely as the motion was filed twenty-eight (28) days after the city court's rendering of the notice of signing of judgment on January 18, 2023, and Dr. Kennedy did not file a motion for new trial concerning the January 18, 2023 judgment. In her opposition to the motion to dismiss appeal, Dr. Kennedy does not provide any explanation as to the timeliness, or lack thereof, of the February 15, 2023 motion for

7

suspensive appeal and relies solely on the city court's December 6, 2022 order granting of her suspensive appeal in order to maintain her appeal. Therefore, we find that the February 15, 2023 motion for suspensive appeal is untimely.

***December 5, 2022 Motion for Suspensive Appeal***

This Court now shifts its attention to Dr. Kennedy's December 5, 2022 motion for suspensive appeal. During the October 27, 2022 hearing, the city court denied Dr. Kennedy's motions/exception. The judgment was signed and notice of signing of judgment was rendered on November 10, 2022. On December 5, 2022, Dr. Kennedy filed a motion for suspensive appeal seeking to appeal (1) the final consent judgment with a notice of signing of judgment rendered on October 1, 2022,[5] and (2) the denial of the motions/exception with a notice of signing of judgment rendered on November 10, 2022. The record shows two signed orders dated December 6, 2022, related to this motion for suspensive appeal: one order granting the appeal and setting a bond amount, and the other order denying the appeal "pending the disposition of the Motion for Attorney's fees."

Pursuant to La. C.C.P. art. 2088(A), "[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal" with the exception of certain matters. In the case *sub judice*, the city court first signed an order granting the appeal, and subsequently altered the order – whiting out portions of the signed order – by

_____

[5] There is no consent judgment in the record with a notice of signing of October 1, 2022. The only consent judgment for which there is a notice of signing of judgment is the August 1, 2022 judgment that was signed by the city court on August 1, 2022.

denying the appeal. However, once the city court signed the order granting the appeal, it divested itself of jurisdiction and lacked authority to later deny the appeal. Accordingly, with the city court's initial granting of the order of appeal, the appellate court's jurisdiction attached to review the merits of Dr. Kennedy's appeal.

This Court may not determine the merits of an appeal unless its jurisdiction is properly invoked by a final judgment. *Tomlinson v. Landmark Am. Ins. Co.*, 2015-0276, p. 2 (La. App. 4 Cir. 3/23/16), 192 So. 3d 153, 156. Accordingly, we initially must determine whether the judgment granting the motion to enforce compromise is properly before us on appeal.

"This court's appellate jurisdiction extends to final judgments." *Kirby v. Poydras Ctr., LLC*, 2015-0027, 2015-0391, p. 8 (La. App. 4 Cir. 9/23/15), 176 So. 3d 601, 606 (citing La. C.C.P. art. 2083). Dr. Kennedy seeks to appeal the August 1, 2022 judgment, which granted the motion to enforce compromise. The city court signed the judgment denying Dr. Kennedy's motions/exception, related to the motion to enforce compromise, on November 10, 2022. Generally, "the denial of a motion for new trial is not a final, appealable judgment." *New Orleans Fire Fighters Pension & Relief Fund v. City of New Orleans,* 2017-0320, p. 5 (La. App. 4 Cir. 3/21/18), 242 So. 3d 682, 688 n.12 (citing *9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C.*, 2015-686, p. 4 (La. App. 5 Cir. 2/24/16), 187 So. 3d 522, 524). Further, "[i]t is an established rule that the overruling of a peremptory exception is an interlocutory ruling that is not appealable." *Lea v. Lea*, 2021-1293, p. 3 (La. App. 1 Cir. 4/28/22), 342 So. 3d 352, 353 (citation omitted). Moreover, the underlying August 1, 2022 judgment granting the motion to enforce compromise, which formed the basis of Dr. Kennedy's motions/exception, was not a final, appealable judgment as the issue of attorney's fees was still outstanding. *See Lobell v. Rosenberg*, 2017-

9

0111, p. 5 (La. App. 4 Cir. 10/4/17), 228 So. 3d 1241, 1245 n.5 (citation omitted) ("A judgment granting attorney's fees but not assessing the amount of those fees is not a final judgment"). The judgments granting the motion to enforce compromise and denying the motions/exception are not final, appealable judgments, and the city court did not certify these judgments as immediately appealable under La. C.C.P. art. 1915.[6]

"An appeal erroneously taken on a nonappealable judgment may be converted to an application for supervisory writ by the appellate court, but only when the motion for appeal has been filed within the thirty-day period allowed for the filing of an application for supervisory writ under Rule 4–3 of the Uniform Rules—Courts of Appeal." *Succession of Fanz*, 2016-0180, pp. 6-7 (La. App. 4 Cir. 12/16/16), 208 So. 3d 422, 428 (citations omitted). In this case, Dr. Kennedy filed a motion for suspensive appeal on December 5, 2022, and an order granting the appeal was signed on December 6, 2022. Dr. Kennedy demonstrated her intent to seek review within thirty (30) days of the city court's November 10, 2022 judgment. Accordingly, we exercise our discretion and convert the December 5, 2022 appeal to an application for supervisory writ.

---

[6] Louisiana Code of Civil Procedure Article 1915(B) states:

(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

10

## STANDARD OF REVIEW

"This court reviews a trial court's judgment granting a motion to enforce a compromise agreement under a manifest error standard." *NOLA Title Co. v. Archon Info. Sys., LLC*, 2022-0697, p. 12 (La. App. 4 Cir. 4/13/23), 360 So. 3d 166, 175 (citing *800 Iberville St. Ltd. P'ship v. V Rest. Grp. L.L.C.*, 2016-0799, pp. 7-8 (La. App. 4 Cir. 6/7/17), 221 So. 3d 205, 210). This Court has stated, "[t]he trial court's judgment determining the existence, validity and scope of a compromise agreement depends on a finding of the parties' intent, which is an inherently factual finding." *Id.* (citing *Morris, Lee & Bayle, LLC v. Macquet*, 2014-1080, p. 14 (La. App. 4 Cir. 3/23/16), 192 So. 3d 198, 208) (alteration in original). Therefore, the trial court's factual findings are reviewed under a manifest error standard. *Id.* (citing *Hall v. Folger Coffee Co.*, 2003-1734, p. 9 (La. 4/14/04), 874 So. 2d 90, 98).

However, "where legal error interdicts the fact finding process, the manifest error standard no longer applies and, if the record is complete, an appellate court should make its own [*de novo*] review of the record." *Lam ex rel. Lam v. State Farm Mut. Auto. Ins. Co.*, 2005-1139, p. 3 (La. 11/29/06), 946 So. 2d 133, 135 (citations omitted). Further, "[s]tatutory interpretation is a question of law subject to *de novo* review." *Havard v. Jeanlouis*, 2021-00810, p. 2 (La. 6/29/22), 345 So. 3d 1005, 1007 (citing *Benjamin v. Zeichner*, 2012-1763, p. 5 (La. 4/5/13), 113 So. 3d 197, 201).

## DISCUSSION

A compromise is defined as "[a] contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. C.C. art. 3071. Under Louisiana law, "[a] compromise shall be made in writing or recited in open court, in

which case the recitation shall be susceptible of being transcribed from the record of the proceedings." La. C.C. art. 3072. "The requirement that the compromise be in writing or recited in open court and susceptible of being transcribed from the record 'aims at avoiding litigation over what the terms of the settlement are.'" *Morris, Lee & Bayle, LLC v. Macquet*, 2014-1080, p. 17 (La. App. 4 Cir. 3/23/16), 192 So. 3d 198, 210 (quoting *Feingerts v. State Farm Mut. Auto. Ins. Co.,* 2012-1598, p. 11 (La. App. 4 Cir. 6/26/13), 117 So. 3d 1294, 1301).

In the case *sub judice*, the issue is whether the parties recited the terms of the purported compromise agreement on the record "in open court" on April 19, 2022. The transcript from the April 19, 2022 hearing states "case heard in open court on April 19, 2022, held before the Honorable Monique G. Morial." However, during the July 14, 2022 hearing on the motion to enforce compromise, the judge acknowledged not being present on the bench when the purported compromise was read into the record.

What is the meaning of the phrase "in open court" as stated in La. C.C. art. 3072? Louisiana Revised Statutes 13:503 states, in pertinent part, "Article 7, §43 of the constitution means that district courts shall be open always and *the proceedings shall be deemed held in open court, while the judge is on the bench*" (emphasis added). This particular statute is located in Title 13, Chapter 4 of the Louisiana Revised Statutes, and this section explicitly does not apply to the district courts of Orleans Parish per La. R.S. 13:471.[7] Nevertheless, the legislature clearly states that

---

[7] Louisiana Revised Statutes 13:471 states, "The provisions of R.S. 13:472 through 13:967 inclusive shall not apply to the district courts of Orleans Parish, except as provided in Title 13, Chapter 5."

proceedings are considered to be held "in open court" when the judge is present in court on the bench.

While Louisiana jurisprudence does not clearly define the phrase "in open court," caselaw supports the legislature's definition. In *Trahan v. Coca Cola Bottling Co. United Inc.*, the Louisiana Supreme Court upheld a compromise read into the record in open court. This case involved a workers' compensation claim whereby the parties recited the terms of their agreement before a hearing officer[8] in open court. 2004-0100, pp. 2-3 (La. 3/2/05), 894 So. 2d 1096, 1100. The Condo Association cited to *Trahan* to support its position that once an agreement is read into the record, there exists an enforceable compromise. However, in *Trahan*, based on the hearing transcript, it is evident that the hearing officer was present during the recitation of the terms of the compromise on the record. *Id.* at p. 3, 894 So. 2d at 1100. Further, the hearing officer questioned the parties as to whether they wanted to enter the terms and conditions of the settlement on the record. *Id.* After the recitation of the compromise on the record, the hearing officer inquired as to whether there was any other issues that needed to come before the court in the matter. *Id.* Conversely, in the case at bar, the judge acknowledged not being present in court during the recitation of the terms of the compromise on the record, and was therefore unable to question the parties as whether they agreed to the terms and conditions of the settlement on the record.

The Condo Association also cited to *Geer v. BP America Production Co.* in support of its position that a settlement read into the record – after hours of in-person negotiation – would be enforceable even though the judge was not present in court

---

[8] A workers' compensation hearing officer acts as a judge for claims within the worker's compensation adjudication system. *See* La. R.S. 23:1310.1(B).

while the terms were recited on the record. 2014-450 (La. App. 3 Cir. 11/5/14), 150 So. 3d 621. In *Geer*, the Third Circuit determined that email exchanges between the parties' counsel regarding the settlement agreement, which included an offer and acceptance, was sufficient to satisfy the requirement that the writing be signed under La. C.C. art. 3072. *Id.* at p. 7, 150 So. 3d at 626. Yet, *Geer* is factually distinguishable from the matter before this Court. We are not dealing with an agreement in writing, which would invoke the writing requirement under La. C.C. art. 3072. Rather, in the case *sub judice*, the Condo Association maintains that the purported compromise was recited in open court. Thus, *Geer* is inapplicable.

In support of her appeal, Dr. Kennedy referenced *Sullivan v. Sullivan* to show that when the "in open court" requirement of La. C.C. art. 3072 is not followed, Louisiana courts decline to enforce a compromise. 1995-2122 (La. 4/8/96), 671 So. 2d 315. In *Sullivan*, the Louisiana Supreme Court determined "the oral recitation of the terms of the agreement given in the presence of a court reporter at an attorney's office does not constitute a recitation 'in open court' for purposes of Article 3071."[9] *Id.* at p. 4, 671 So. 2d at 318. Clearly, *Sullivan* is factually distinguishable from the

---

[9] In 2007, La. C.C. arts. 3071 and 3072 were amended. The prior version of La. C.C. art. 3071, which was in effect at the time of *Sullivan*, stated:

> A *transaction* or *compromise* is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
> This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.

The current version of La. C.C. art. 3071 does not include the form requirements of a compromise that were stated in the second paragraph of the prior version. Rather, the form requirements of a compromise are now found in the current version of La. C.C. art. 3072.

case at bar, as the recitation of the settlement agreement in *Sullivan* occurred outside of a courtroom and does not provide this Court with guidance as to what constitutes "in open court."

Additionally, Dr. Kennedy uses *City of Baton Rouge v. Douglas* to provide guidance as to the "in open court" requirement of La. C.C. art. 3072. 2007-1153 (La. App. 1 Cir. 2/8/08), 984 So. 2d 746. In *City of Baton Rouge*, the First Circuit held that a stipulation in court was a valid compromise. The First Circuit stated:

> Applying the law to the facts of this case, we conclude that the March 9, 2007 stipulation in court was a valid compromise. Although this particular settlement agreement was not put into a writing that was signed by the parties, the agreement was detailed in a written stipulation that was offered and accepted into evidence at an open court hearing in which the trial court, the attorneys, and the parties all acknowledged the existence of the stipulation and the parties agreed on the record that they desired to fully settle their differences. Prior to the hearing, the parties, their attorneys, and the trial court all participated in a settlement conference that resulted in the stipulation that was admitted into evidence at the hearing immediately following the conference. No one objected on the record to the terms of the stipulation or to the agreement to settle. The stipulation resulted after lengthy negotiation and conference and it was fully disclosed to all of the parties and their counsel. It is abundantly clear from the record that Mr. Douglas and the City/Parish fully acquiesced in the stipulation that constituted a valid compromise. *See Moore v. Moore,* 2005-0290 (La. App. 3 Cir. 11/2/05), 917 So. 2d 1126, 1130, *writ denied,* 2005-2472 (La. 3/24/06), 925 So. 2d 1228.

*Id.* at pp. 5-6, 984 So. 2d at 749. The open court hearing in *City of Baton Rouge* occurred with the judge being present in court while the parties acknowledged the existence of the stipulation and agreed on the record, which did not occur in the case at bar.

Based on our examination of Louisiana jurisprudence, this Court has not found a case where a court enforced a compromise, under the "in open court" requirement of La. C.C. art. 3072, where the judge (or hearing officer) was not present in court – on the bench – while the parties recited the terms and conditions

of the agreement on the record. During the hearing on the motion to enforce compromise, the court stated:

> I understand because I wasn't on the bench that her understanding of what was going on may be questionable. However, you are in a courtroom with a court reporter, with a member of my staff. And again, people with much less education and less savvy than her are held to the same standard I'm holding her to now. And very often they are Pro se litigants. *They know how to speak up and say, wait Judge, that's not what I said.*

(Emphasis added). Even in the court's own statement, there is a presumption that the judge is present in court while a compromise is being recited on the record. Accordingly, in order for a compromise recited in court to be enforceable, this Court holds that La. C.C. art. 3072 mandates a judge be present in court on the bench.

> First City Court of the City of New Orleans Rule 18 states:

> No agreement or stipulation between or among attorneys or parties outside the presence of the Judge with respect to the proceedings in a case will be recognized by the Judge, unless it be in writing, signed and filed as a part of the record, unless the Judge allows otherwise.

Based on this local rule, the Condo Association maintains that the city court judge directed the parties to recite the agreement on the record with the court reporter. First, this Court notes that under Local Rule 18, generally, an agreement between parties outside the presence of the judge will not be recognized by the court unless it is in writing, signed and filed as part of the record. Second, and more important, "local rules of court cannot conflict with legislation." *Rodrigue v. Rodrigue*, 591 So. 2d 1171, 1171 (La. 1992). *See also Clark v. Dep't of Police*, 2012-1274, p. 7 (La. App. 4 Cir. 2/20/13), 155 So. 3d 531, 536. A court's authority to enact local procedural rules arises from La. C.C.P. art. 193, which allows such court to "adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure *that are not contrary to the rules provided by*

16

*law*" (emphasis added). Even if the Condo Association's position is valid – that Local Rule 18 allows the First City Court to recognize and enforce agreements confected outside the presence of the judge that are not written, signed and filed in the record if allowed by the judge – this local rule is contrary to La. C.C. art. 3072 that mandates a compromise not made in writing be recited "in open court," which dictates the judge's presence in court on the bench. In granting the motion to enforce compromise, the city court determined that the purported compromise recited in court on April 19, 2022, was a valid, enforceable compromise despite the fact that the judge was not present in court during the recitation. We conclude that the city court's decision was legally erroneous.

The August 1, 2022 judgment granting the motion to enforce compromise also granted the motion for attorney's fees and costs filed by the Condo Association. However, the judgment stated that the amount of attorney's fees and costs would be determined after a review of detailed billing. The January 18, 2023 judgment awarded attorney's fees in the amount of $40,000.00. Because we conclude that the August 1, 2022 judgment regarding the motion to enforce compromise is legally erroneous and reverse this judgment, we must vacate the January 18, 2022 judgment awarding attorney's fees that stems from this August 1, 2022 judgment.

Finally, Dr. Kennedy filed a motion to strike claims and references thereto in original brief filed by the Condo Association, asserting that the Condo Association's brief is filled with allegations not in evidence, or when the Condo Association provides authority, the authority is its own petition. In the motion, Dr. Kennedy provides specific examples of statements contained within the Condo Association's

17

brief that are not supported by evidence in the record.[10] As stated earlier, "[t]his Court is a court of record and can only review what is contained in the record on review." *JoAnn Place*, p. 12, 356 So. 3d at 527 (quoting *NOLA 180*, p. 3, 94 So. 3d at 888). Therefore, we grant Dr. Kennedy's motion to strike and find that any references contained within the Condo Association's brief that are not supported by evidence in the record are stricken pursuant to La. C.C.P. art. 964.[11]

## **CONCLUSION**

The city court's finding that the Condo Association and Dr. Kennedy entered into a valid, enforceable compromise in open court on April 19, 2022 was legally

_____

[10] Dr. Kennedy explicitly lists the following examples of references contained within the Condo Association's appellee brief that are not supported by the record:

(a) Footnote 14 makes allegations citing only Appellee's Petition as the source and not evidence in the record. Appellee Brief, p. 9.

(b) Appellee provides no source authority to claim that Dr. Kennedy "…finally entertained good faith negotiations…" *Id.* at p. 9.

(c) "The legal fees were prompted by various lawsuits against Annuciation [sic] filed by either Kennedy or Marilyn Trout, the Mother of Kennedy's boyfriend." *Id.* at p. 11-12.

(d) "The Court allowed the negotiations to take place in her courtroom and was available to assist where she could." *Id.* at p. 18.

(e) "Moreover, the Court was available to the parties all day until shortly before the agreement was read into the record. The Judge was present and actively participating with the parties to assist in resolving the matter." *Id.* at p. 21.

(f) "It is common practice of the trial courts allowing parties to recite consent agreements into the record for preservation of the agreement without the judge present occurs all the time. If such were an avenue to allow for the dissolution of a consent judgment it would not be common practice." *Id.* at p. 21.

(g) "avoiding service which required the appointment of a curator to represent Kennedy as an absent defendant." *Id.* at p. 28.

(h) "…however the sum of attorney fees is due in large part to Kennedy's own actions over the three-year litigation of this suit." *Id.* at p. 27.

[11] Louisiana Code of Civil Procedure Article 964 states, "The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter."

18

erroneous pursuant to La. C.C. art. 3072, which requires a compromise be made in writing or recited in open court. Although the parties recited the terms and conditions of the purported compromise in court, which was transcribed by the court reporter, the judge was not present in court during the recitation. Thus, the compromise was not recited "in open court" as this term under La. C.C. art. 3072 requires the presence of the judge. Therefore, we find error in the August 1, 2022 judgment granting the motion to enforce compromise. Because the motion to enforce compromise was erroneously granted, the January 18, 2023 judgment awarding attorney's fees in the amount of $40,000.00 – made pursuant to the motion to enforce compromise – was also erroneously granted and must be vacated.

## DECREE

For the foregoing reasons, we grant the Condo Association's motion to dismiss appeal as it relates to the February 15, 2023 motion for suspensive appeal for lack of subject matter jurisdiction; grant Dr. Kennedy's motion to strike exhibits and all references thereto in the motion to dismiss appeal; convert the December 5, 2022 motion for suspensive appeal to an application for supervisory writ; grant the writ; and reverse the city court's August 1, 2022 judgment to enforce the compromise. We vacate the city court's January 18, 2023 judgment awarding attorney's fees in the amount of $40,000.00; grant Dr. Kennedy's motion to strike claims and references thereto in original brief filed by the Condo Association; and remand the matter for further proceedings.

**MOTION TO DISMISS GRANTED IN PART, DENIED IN PART; APPEAL CONVERTED TO WRIT; WRIT GRANTED; JUDGMENT REVERSED AND REMANDED; MOTIONS TO STRIKE GRANTED**